## CHASE VS. ROSS.

ADMINISTRATOR DE BONIS NON: ADMINISTRATOR'S DEED: PRESUMPTION. (1) *Authority of county court to appoint.* (2:1) *Appointment void where will not proven.* (2:2) *Sale void if administrator not properly appointed.* (2:3) *Confirmation of sale by county court not conclusive.* (3) *Administrator's deed presumptive evidence of regularity of proceedings.*
PROBATE OF WILL: PRESUMPTION. (4) *Case stated; presumption that will was not proven.* (5) *Rule as to publication of notice of probate.* (6) *Where notice defective, presumption is that there was no hearing.* (7) *Irregularity in keeping records, effect of.* (8) *Additional considerations.* (9) *Conclusion of the court.*

1. Under secs. 8, 10, ch. 67, R. S. 1849, where the widow of a testator was appointed by the will sole executrix, her subsequent marriage extinguished her authority as such, and the county court had authority to appoint an administrator *de bonis non*, with the will annexed, and it might appoint the person with whom the executrix had intermarried.
2. Where the county court of the county in which a decedent resided at the time of his death, and in which his property was situate, made an order appointing an administrator *de bonis non*, with the will annexed (after the remarriage of the decedent's widow, who had acted as sole executrix), and the administrator so appointed sold land of the estate pursuant to a license granted by such court, and *the sale was confirmed* by the court: *Held*,

(1.) That if the alleged will of the decedent had never been admitted to probate, the appointment of administrator was not lawfully made.

(2.) That if the administrator was not lawfully appointed, the sale made by him was *void*—although the conditions mentioned in sec. 62, ch. 94, R. S., were complied with in all other respects.

(3.) That the order of the county court, confirming such sale, is not conclusive, either as to the jurisdiction of that court, or the regularity of the proceedings prior to such confirmation.

3. In ejectment by one claiming as heir of B., who died seized of the land in 1851, defendant read a deed of the land running to his grantor, executed by one W., as administrator of the estate of said B. *Held*, that this deed raised a *presumption* that all the proceedings in the county court preliminary thereto were regular, and that title to the premises was thereby conveyed.
4. It appeared that an instrument in writing, purporting to be the last will

of said B., was filed in the office of the county judge December 29, 1851, and recorded April 8, 1852; that by its terms said will devised and bequeathed all the estate of B. to his widow and one daughter, his only child; that the widow gave bond, and acted as executrix, until May 4, 1853, when she intermarried with said W., who was soon after appointed administrator *de bonis non*, with the will annexed, and gave bond as such; and that as such administrator he sold the land in question pursuant to a license granted by the county court, and the sale was confirmed by that court. In June, 1852, the widow had released all claim under the will. In ejectment by the daughter of B. against the purchaser at such sale, defendant produced in evidence the administrator's deed, and a deed to himself from the grantee therein named, and made proof of the facts above stated. It further appeared, however, that there was nothing on file or of record in the office of the county judge admitting the will to probate, nor any petition, or notice of the hearing of any petition, to probate the will. *Held*, that upon this proof the *presumption* was, that no will of said decedent had ever been probated; and the *burden of proof* was then upon defendant.

5. Where notice of an application for the probate of a will is required to be published *three weeks* successively previous to the time appointed for the hearing, proof of publication thereof *seventeen days* before the time set for the hearing, and for three successive weeks thereafter, is not sufficient. The first publication must be at least twenty-one days before the time appointed, reckoning both the day of publication and that of the hearing.

6. What the *presumption* would be upon proof of a *legal* publication of such a notice, is not here decided. Where the notice is defective in the manner above stated, the fair inference is, that there was no hearing pursuant to such notice.

7. Defendant, to rebut the presumption that no will of B. had ever been probated, besides offering evidence of a defective publication of the notice above described (which was rejected), introduced evidence that at the time when the proceedings were had concerning the estate of B., the county judge kept his official papers and transacted his official business in the office of an attorney who acted as his clerk; and that several years afterwards the board of county supervisors employed some person to record a quantity of unrecorded official papers which had been allowed to accumulate during several years in the office of the county judge. *Held*, that the keeping of these papers in the business office of the clerk of the county court is not sufficient to show that they were *carelessly* kept, and the fact that they were not promptly *recorded* does not raise any presumption that they were not all *pre-*

Chase vs. Ross.

*served.* The evidence is therefore not sufficient to overcome the presumption that the will was never probated.

8. This conclusion is further supported by the following considerations· (1.) That although the county court seems to have acted on the hy pothesis that B. left a last will, it is not recited in any of the proceed ings that the same was ever admitted to probate. (2.) That after the widow declined to take under the will, there being but one heir, the whole estate would be distributed in the same way as if B. had died intestate, and hence the probate of the will might have been considered as of no importance.

9. Upon the whole record, this court is of opinion that it does not appear, either presumptively or otherwise, that any will of B. was ever admitted to probate; and consequently it holds that the county court had no power to appoint an administrator *de bonis non*, with the will annexed, and that the sale under which defendant claims was void.

APPEAL from the Circuit Court for *Winnebago* County.

This was an action to recover certain real estate situated in the county of Winnebago. The plaintiff claimed as sole heir of Samuel Bedient, who died, seized of the land in controversy, in 1851. The plaintiff was then in her infancy, and she commenced this action very soon after she became twenty-one years of age. On the trial, the defendant read in evidence a conveyance of the land executed November 1, 1853, by one Roderick C. Wood, as administrator of the estate of Bedient, to Joel Chandler, and mesne conveyances from Chandler to himself. The parties respectively introduced in evidence the records and papers in the office of the county judge of Winnebago county pertaining to such estate. It appeared therefrom that an instrument in writing, purporting to be the last will and testament of Samuel Bedient, was filed in that office December 29, 1851, and recorded April 8, 1852; that Elizabeth Bedient, widow of Samuel, gave bond and acted as executrix until May 4, 1853, when she intermarried with said Wood, who was soon afterward appointed by the court administrator *de bonis non* of the estate of Bedient, with the will annexed, and gave bond as such; that Mrs. Bedient released all claim under the will of her husband June 10, 1852; that such will pur-

ported to devise and bequeath all of the estate of Bedient to his widow and the plaintiff; and that the administrator sold the land in controversy to Chandler, pursuant to a license granted by the county court, which sale was confirmed by that court.

It was proved on behalf of the plaintiff, that there was nothing on file or of record in the office of the county judge admitting the will to probate, nor any petition, or notice of the hearing of any petition, to probate the will. Further reference to the testimony will be found in the opinion.

The case was tried without a jury, and the court found that the plaintiff was the owner of the land, and gave judgment accordingly. The defendant appealed.

*Gabe Bouck*, for appellant, contended that when a court having jurisdiction to grant administration has appointed an administrator, and licensed him to sell real estate, and a sale has been made and confirmed by the court, the regularity of the appointment cannot be questioned in collateral proceedings. *Woods v. Monroe*, 17 Mich., 238; *Wright v. Wallbaum*, 39 Ill., 554; *Schnell v. Chicago*, 38 id., 382; *Leonard v. Cameron*, 39 Miss., 419; *Boody v. Emerson*, 17 N. H., 577. The estate of a deceased person is within the custody of the probate court. The administrator, appointed by this court, is a *quasi* public officer; and while acting *de facto* as such, although appointed without authority of law, his acts are lawful and binding, the same as those of any public officer. It will be presumed that the court acted upon proper and sufficient reasons in appointing an administrator *de bonis non*, although the record does not show how the original appointment had become vacant. *Gray v. Harris*, 43 Miss., 421. A grant of letters of administration *de bonis non*, by a probate court, cannot be avoided in a collateral proceeding because the order does not show appointment, death, removal or resignation of the preceding administrator. *Ikelheimer v. Chapman*, 32 Ala., 676. The confirmation of the administrator's sale by the probate judge is itself

evidence that the sale was legally made, the presumption being that the judge discharged his duties as required by law, that he had examined and inquired into the doings of the administrator in making sale under the license, and found that "said sale had been conducted in all respects with regularity and fairness, and in the manner prescribed by law." The order of confirmation, therefore, is *prima facie* evidence that the administrator had complied with all the provisions of the law in making the sale; and the mere fact that upon the records and files can be found no affidavit of publication and posting, does not disprove such *prima facie* evidence, nor compel the claimant to prove the law was complied with.

*Moses Hooper*, *contra*, argued, first, that the proceedings in the probate court were all based upon a supposed will, whereas no will had been proven, and the proceedings were therefore without foundation. The important proceeding in the whole transaction, and the foundation of all subsequent proceedings, was an adjudication that this was the will of Samuel Bedient; but such adjudication was wholly wanting. The court cannot presume that there were papers relating to probate of this will which were now lost. If the will was not proven, there could be no executor, no execution of the will, and no administrator *de bonis non*. R. S. 1849, ch. 66, sec. 21, and ch. 67, sec. 1. Where it appears that the person pretending to act as executor or administrator is not such, all the proceedings based upon his action in such office or trust must fall. They are not merely voidable, but void. *Sitzman v. Pacquette*, 13 Wis., 291; *Hall v. Thayer*, 105 Mass., 224; *Gay v. Minot*, 3 Cush., 352; *Coffin v. Cottle*, 9 Pick., 287; *Succession of Vogel*, 20 La. An., 81. 2. The notice of sale was not published three weeks next before the sale, as required by sec. 16, ch. 65, R. S. 1849. The sale was on October 15, 1853, and the record evidence of publication of notice was, that it was published on the 12th, 19th and 26th of September, 1853, leaving more than one week between the last publication and the sale.

LYON, J.   I.  If the instrument purporting to be.the last will and testament of Samuel Bedient, deceased, was duly admitted to probate as such, the appointment of Roderick C. Wood as administrator of the estate of the deceased, with the will annexed, was valid.   The authority of Mrs. Bedient as executrix was extinguished by her subsequent marriage, and, there being no other executor, the county court had authority to appoint such administrator.   R. S. 1849, ch. 67, secs. 8 and 10.   But if such instrument was not proved and allowed as the last will and testament of the deceased, it seems clear that the court had no power to appoint such administrator; for the appointment of an administrator with the will annexed where there is no will, is an absurdity.

It is argued, however, by the learned counsel for the defendant, that from the record in this case it should be presumed that the instrument purporting to be the last will and testament of the deceased was duly admitted to probate.   This is an important proposition, perhaps a controlling one in the case, and demands careful consideration.

The deed from Wood, the administrator, to Chandler, the grantor of the defendant by mesne conveyances, when read in evidence, raised a presumption that all the proceedings in the county court preliminary thereto were regular, and that it conveyed the title to the premises in question to Chandler.   But when the records and papers pertaining to the estate were introduced, and failed to show that the will had been proved, and especially when it was made to appear affirmatively that there was nothing on file or of record in the office of the county judge showing that fact, the presumption then was that no will had been probated, unless there were facts proved in the case from which it may reasonably be inferred that a portion of the records or papers in the case have been lost.

This was evidently the view of the learned counsel for the defendant, for on the trial he introduced evidence to the effect that after the death of Bedient, and at the time when the pro-

ceedings were had concerning his estate, the county judge kept his official papers and transacted his official business in the office of an attorney who acted as his clerk, and that several years afterwards the board of county supervisors employed. some person to record a quantity of unrecorded official papers which had been allowed to accumulate during several years in the office of the county judge. He also attempted to prove the publication of a notice of the hearing of an application to the county court to admit to probate the will of the deceased. The proof thus offered (but which the court rejected) was a notice dated February 13, 1852, alleged to have been published on that day and for three succeeding weeks thereafter in the "Oshkosh Democrat." The notice was signed by the county judge, and recited that, whereas an instrument purporting to be the last will and testament of Samuel Bedient, late of the town of Algoma, county of Winnebago, Wis., had been filed in his office, and also an application to admit the same to probate, thereupon it was ordered that such matter be set for hearing at his office in Oshkosh on the 1st Monday in March, 1852, at 10 o'clock A. M., and that notice thereof be given by publication for four successive weeks in the Oshkosh Democrat, prior to such hearing.

For reasons which will be briefly stated, we think that the proofs thus made and offered fail to raise a presumption that any of the records and papers concerning the estate of Bedient have been lost. 1. There is no testimony tending to show that those records or files were carelessly kept. True, they were kept in the business office of the clerk of the county judge; but it does not appear that both were not careful men, and that the records and papers were not kept as safely as they would have been in any other place. 2. Although it appears that documents in that office were not promptly recorded, yet that fact raises no presumption that they were not all preserved. 3. The notice of February 13, 1852, does not aid such presumption, because it was not a sufficient notice. The first

Monday in March, 1852 (the day appointed for the hearing), was the first day of that month, as will appear by a reference to the calendar of that year. The order of the county court required the notice to be published for four weeks, and the statute required a publication thereof for three weeks, before the hearing. R. S. 1849, ch. 66, sec. 18. The publication was made only seventeen days before the day appointed for the hearing, and was therefore insufficient. The earliest day the hearing could lawfully be had, was Friday, March 5th. See *Eaton v. Lyman*, 33 Wis., 34. The fair inference is, that no hearing was had pursuant to such defective notice. Had it appeared that there was a legal publication of such notice, it may be that the presumption would be different. But we do not determine that point. 4. Although the county court seems to have acted upon the hypothesis that Bedient left a last will and testament, it is not stated or recited in any of the proceedings that the same was ever admitted to probate. It may also be observed that after Mrs. Bedient declined to take under the will, there being but one heir, to whom and to the widow the whole was given, the estate would necessarily be distributed the same as though Bedient had died intestate. This furnishes a probable reason why the will might have been considered of no importance, and why formal probate thereof was not made.

The foregoing considerations, and others of a kindred character which it is unnecessary to mention, lead us to the conclusion that, under the evidence, there is no room for the presumption that the will was duly proved and allowed, or that any of the records or papers in the matter of the estate of Bedient have been lost. On the contrary, it must be held that such presumption was rebutted; that the burden is upon the defendant to show the probate of the will; and that he has failed to do so. We must therefore assume and hold that it does not. appear, either presumptively or otherwise, that any will of Samuel Bedient was ever admitted to probate, and, conse-

quently, that the county court had no power to appoint an administrator *de bonis non* with the will annexed.

II. It remains to be considered in what manner the sale of the land in controversy is affected by the want of jurisdiction in the county court to appoint such administrator. In *Sitzman v. Pacquette*, 13 Wis., 291, it was held that a sale under such circumstances is void. Mr. Justice COLE dissented in that case, but on other grounds. It is understood that he concurred in the proposition just stated. The same doctrine was held, or recognized as correct, in the subsequent cases of *Bailey v. Scott*, id., 618; *Frederick v. Pacquette*, 19 id., 541; and *Showers v. Pacquette*, mentioned in the latter case. But *Sitzman v. Pacquette* was ruled by the Revised Statutes of 1839, which do not contain the provisions found in the revision of 1849, ch. 65, sec. 52, reenacted in the revision of 1858, ch. 94, sec. 62 (Tay. Stats., 1193, §62). That section is as follows: "In case of an action relating to any estate sold by an executor, administrator or guardian, in which an heir or other person claiming under the deceased, or in which the ward or any person claiming under him, shall contest the validity of the sale, it shall not be avoided on account of any irregularity in the proceedings, provided it shall appear, 1. That the executor, administrator or guardian was licensed to make the sale by the probate court having jurisdiction. 2. That he gave a bond which was approved by the judge of probate, in case a bond was required on granting a license. 3. That he took the oath prescribed in this chapter. 4. That he gave notice of the time and place of sale as in this chapter prescribed; and, 5. That the premises were sold accordingly, and the sale confirmed by the court, and that they are held by one who purchased them in good faith."

The effect of this section is, that if any of the conditions therein mentioned are wanting or do not appear either by direct proof or legal inference, the sale is invalid. Hence, in the present case, if the county court had no jurisdiction to grant

license to sell the land in controversy, the sale is void. If the court had no power to appoint an administrator *de bonis non*, or to grant letters of administration with the will annexed, it seems too clear for argument that it could not grant a valid license of sale. Before a step can be taken towards granting such license, there must be a lawful executor or administrator. Commenting upon the first subdivision of the section above quoted, in *Reynolds v. Smith*, 20 Wis., 374, Mr. Justice COLE says: " By ' the probate court having jurisdiction ' is obviously meant the probate court of the county in which the deceased resided at the time of his death, and which had jurisdiction of the estate." (p. 380). In no correct sense can it be said that the court has jurisdiction of the estate, before proper proceedings are instituted therein to prove the will (if there be one), or to appoint an administrator.

The conclusion is inevitable, that it does not appear that the county court had jurisdiction of the estate of Bedient, within the meaning of the statute, and hence that the sale by Wood to the grantor of the plaintiff is void, and the conveyance made pursuant thereto conveyed no title.

III. It was earnestly argued by counsel for the defendant, that the order of the county court confirming the sale should be held conclusive of the jurisdiction of the court and of the regularity of all proceedings in the matter prior to such confirmation. But we think it very clear that the intention and effect of the statute above quoted are, that, notwithstanding the confirmation, the absence of the conditions therein specified will render the sale and conveyance void. If, however, this is an erroneous view of the law, it has been repeatedly acted upon by this court, and the maxim *stare decisis* applies. We must adhere to the principle of former adjudications in this behalf, and only the legislature can change the rule.

The circuit court rejected certain testimony offered to prove due publication of the notice of sale; but the views already

expressed render it unnecessary to determine whether the court ruled correctly or otherwise in rejecting the same.

*By the Court.* — The judgment of the circuit court is affirmed.