## Collins vs. Smith and another.

*February 27 — March 13, 1883.*

SALE OF LAND ON EXECUTION.  *(1) Publication of notice.  (2) Plaintiff not a* bona fide *purchaser.*

1. Under sec. 2993, R. S., the first publication of the notice of the sale of real estate upon execution must be full six weeks (forty-two days) before the date of the sale. Where the first publication was

on June 24th, the last publication on July 29th, and the sale took place August 2d, the notice was insufficient and the sale void.

2. When the plaintiff in the judgment and execution purchases at an execution sale he is presumed to have notice of all defects in the record and proceedings, and will not be protected as a *bona fide* purchaser if the notice of the sale was insufficient.

APPEAL from the Circuit Court for *Outagamie* County.

The facts, so far as they are necessary to an understanding of the questions determined, appear from the opinion.

For the appellants there were briefs by *James Freeman*, as attorney, and *G. W. Cate*, of counsel, and oral argument by *Mr. Freeman*.

For the respondent there was a brief by *A. L. Collins*, in person, and oral argument by *Mr. W. J. Allen*.

Orton, J.   This is an appeal from the order of the circuit court overruling the motion of the defendants to set aside and vacate the execution and the sale thereon of both the personal and real property.

1. The only objection taken to the execution was that it was issued by Silas Bullard, Esq., the original attorney of record in the cause, by the plaintiff signing his name thereto without his authority.   The plaintiff states in his affidavit on this motion that he had general authority from said Bullard to sign his name to any papers in the case when necessary, and this is not disputed by said Bullard in his affidavit. He states only that he never authorized and empowered any person to sign his name *to said execution*.   He denies the *special* authority to sign this execution, but does not deny the general authority of the plaintiff to sign his name, when necessary, to any papers in the case.   This objection is, therefore, not sustained by the fact.

2. The objection to the sale of the personal property was that notices thereof were not posted as the law required. There was proof on the motion that the notices were duly and properly posted.

3. Another objection was made to the sale of the personal property which also applies to the sale of the real estate, that it was not sold until after the sale of the real estate. It is sufficient to say as to this objection that there was no proof by the record or otherwise that the personal property was not first sold.

The order, therefore, so far as it overrules the motion to set aside the execution and the sale of the personal property, is affirmed.

4. As to the sale of the real estate only one objection need be considered, and that is the insufficiency of the publication of the notice of sale, as the sale was for that reason clearly irregular and void. The first publication was on the 24th day of June, and the last on the 29th day of July, and the sale took place on the 2d day of August, 1881. This was less than six full weeks' publication before the sale, as the statute requires. Whatever may be the rule in the state of New York and elsewhere, it must be regarded as settled in this state, by the decision of this court, that the statute requires the publication to be for the full six successive weeks before the sale, and that six weekly publications are not sufficient unless for such full time.

In *Herrick v. Graves*, 16 Wis., 157, this court held, *sub silentio*, that the publication of notice of an execution sale, when the first publication was on the 9th day of June and the sale took place on the 21st day of July, was sufficient, because the notice was published for forty-two days, casting out the first day or the last.

The statute (sec. 2993, R. S.) requires the publication of the notice of sale of real estate on execution to be made six weeks successively, once in each week, before the sale. Sec. 3168, R. S., provides that notices of sale on foreclosure shall be the same as on sales of real estate upon execution, unless otherwise directed. In *Kopmeier v. O'Neil*, 47 Wis., 593, on a judgment of foreclosure, where there was no direc-

tion as to the notice different from that of the statute, it was held that the publication of the notice of sale, if the first publication was made later than the 9th day of November, and the sale was on the 21st day of December, was insufficient, and that the statute required full six weeks' publication before the day of sale. This decision would seem to be authoritative and to rule this case.

The language of sec. 87, ch. 15, R. S. 1849, in respect to notices of tax sales, was the same as the present statute as to execution sales: "Once in each week for four successive weeks." In *Eaton v. Lyman*, 33 Wis., 34, the first publication of the notice of the tax sale was made on the 13th day of March, and the time of the sale was to be the 8th day of April, 1851. It was held insufficient, as being only twenty-six days.

The rule of computation of time of the publication of notice of judicial sales of real estate ought to be harmonious if the language of the various statutes will allow it, and if this were a new question we should not hesitate to hold as above; but it is sufficient that the question has been so decided.

On behalf of the respondent it is urged that this insufficiency of publication of the notice of sale does not render the sale void as to a *bona fide* purchaser without notice. That may be the law. But in this case the plaintiff in the judgment and execution was the purchaser, and must be presumed to have notice of all defects in the record and proceedings, and he is not protected by such a rule as a *bona fide* purchaser. This exception to the rule is as old as the common law of executions, and the decisions of courts against it are few and certainly not well considered. 3 Bacon's Abr., tit. "Execution;" *Goodyer v. Junce*, Yelv., 179; *Corwith v. State Bank*, 15 Wis., 289; *Jesup v. City Bank*, id., 604; *Corwith v. State Bank*, 18 Wis., 560; *Harrison v. Doe*, 2 Blackf., 1; *Piel v. Brayer*, 30 Ind., 332; *McLean Co. Bank v. Flagg*,

31 Ill., 290; *King v. Cushman*, 41 Ill., 31; *Stephens v. Dennison*, 1 Or., 19; *Twogood v. Franklin*, 27 Iowa, 239; *Hayden v. Dunlap*, 3 Bibb, 216. Another reason besides notice is given for this exception, and that is, that the plaintiff loses nothing except by delay. We are not aware of but one case in which it is held that the plaintiff, as the purchaser, is as much protected against insufficient publication of notice of the sale as a stranger or third person, and that is *Wood v. Morehouse*, 45 N. Y., 368, and no authorities are cited to sustain the decision. It follows that that part of the order overruling the motion in respect to the sale of the real estate is reversed, and the cause is remanded, with direction to set aside and vacate the sale of the real estate.

Inasmuch as the order appealed from is in part affirmed and in part reversed, and the costs are in the discretion of this court, it is ordered that each party pay their own costs on the appeal, except that the respondent pay the costs of the clerk of this court.

*By the Court.*— Ordered accordingly.