LUTIEN and others, Appellants, vs. CITY OF KEWAUNEE and others, Respondents.

*April 27—October 4, 1910.*

*Municipal corporations: Annexation of territory: Failure to comply with statute: Pleading: Remedy: Injunction: Limitation of actions: Oral demurrer: Appeal: Harmless errors.*

1. An averment in a complaint that an ordinance of annexation "was not published in accordance with law" states a legal conclusion.
2. An averment that in making such annexation the city authorities acted upon a petition which was not signed by a majority of the electors and the owners of one third of the taxable property in the district sought to be annexed according to the last tax roll including that district, sufficiently asserts that the annexation was unauthorized.
3. The proper remedy in such case is a class action in equity by the property holders and taxpayers in the territory sought to be annexed.
4. No rule of law or equity forbids the court to entertain a suit to enjoin the acts of public officers injurious to the plaintiffs, attempted to be done under an invalid ordinance or statute.
5. An oral demurrer to a complaint does not raise the objection that the cause of action is barred by limitation.
6. Where it appears on the face of the complaint that the cause of action is so barred, and the statute of limitation is pleaded in the answer, the appellant is not prejudiced by the ruling sustaining an oral demurrer and dismissing the complaint. In such case the judgment will be affirmed, with leave to the plaintiff to apply to the court below to amend his complaint and plead other facts, if any exist, in avoidance of the bar of the statute.

APPEAL from a judgment of the circuit court for Kewaunee county: MARTIN L. LUECK, Judge. *Affirmed.*

For the appellants there were briefs by *George W. Wing* and *Cady, Strehlow & Jaseph,* and oral argument by *F. C. Cady.*

For the respondents there was a brief signed by *W. A. Cowell* and *Nash & Nash,* and oral argument by *A. L. Nash.*

The following opinion was filed May 24, 1910:

TIMLIN, J.　The appellants, averring that they are owners of real estate forming part of the territory attempted to be annexed to the city of *Kewaunee,* but not expressly stating that they are taxpayers, allege that they brought this suit in equity for themselves and in behalf of all other property owners and taxpayers similarly situated.　The relief sought was to enjoin the city officers from levying any tax upon the said real estate of the plaintiffs and from exercising any acts of jurisdiction over the territory sought to be annexed, and that the city clerk be enjoined from making out and delivering to the said treasurer a tax roll and tax warrant including said real estate of the plaintiffs therein, and that the city treasurer be enjoined from collecting or attempting to collect taxes on said lands, etc.　The wrong alleged to have been committed against plaintiffs is that the city attempted to annex certain described territory containing the lands of the plaintiffs and bring this within its corporate limits, but acted upon a petition which was not signed by a majority of the electors and the owners of one third of the taxable property in the district sought to be annexed according to the last tax roll including that district.　Other alleged errors are that the petition for annexation purported to be signed by certain corporations which had never authorized any person or persons to affix their several signatures, and that the ordinance of annexation "was not published in accordance with law;" also that the annexed territory was not adjacent to the city, was not necessary for building, street, or other municipal purposes, was almost exclusively agricultural lands sparsely settled or lands wholly unoccupied, and annexation was attempted to be made for the sole and only purpose of increasing the revenue of said city by taxing the property so annexed.　It is also averred that the taxes of the plaintiffs will be increased by such annexation.

.When the cause came on for trial the defendants objected
to any evidence being received to prove the averments of the
complaint, because facts sufficient to constitute a cause of
action were not averred, and because the complaint sought to
set aside and annul what had been done by legislative power,
a thing which the court had no jurisdiction to do.   The
learned circuit court sustained the objection, excluded the
evidence, and judgment was rendered for the defendants.
The objection and exception were preserved by bill of excep-
tions, and the plaintiffs appealed from the judgment.

;We do not think the ruling of the learned circuit court can
be supported on the ground that the plaintiffs have mistaken
their remedy, or that the power of the court cannot be in-
voked to restrain the acts of municipal officers who attempt
to proceed to the damage of the plaintiffs under an ordinance
invalid for failure to comply with the statutory conditions
precedent to the enactment of such ordinance.    This is not a
suit to arrest the act of legislation while in progress, but to
restrain official acts attempted to be exercised under the au-
thority of an invalid ordinance.    The same question has been
many times passed upon when officers are restrained from
acting under an unconstitutional statute.    In *Chicago & N.
W. R. Co. v. Langlade Co.* 56 Wis. 614, 14 N. W. 844, in a
suit in equity to set aside taxes, the validity of acts of the
legislature changing the boundaries of a county and dividing
it into towns and providing for their organization was exam-
ined into, but the case finally turned upon the point that the
officers levying the tax were officers *de facto* and their official
acts under these statutes could not be inquired into collater-
ally.    In the instant case the plaintiffs seek to prevent al-
leged unlawful action under color of office.    In *Smith v.
Sherry,* 54 Wis. 114, 11 N. W. 465, which is an action for
trespass to land, where the plaintiff claimed title under a tax
deed, the acts of the county board in detaching territory from
one town and adding it to another were examined into and

held invalid; and a like investigation was made in *Chicago &
N. W. R. Co. v. Oconto,* 50 Wis. 189, 6 N. W. 607, where
the action was to recover back money paid for taxes. *Earles
v. Wells,* 94 Wis. 285, 68 N. W. 964, was a suit in equity
by the owner of property within the city subject to taxation
to enjoin the defendants from acting under an invalid ordi-
nance, and the complaint also asked to have the ordinance
declared null and void because it created a liability on the
city in excess of the constitutional limit of municipal indebt-
edness. The suit was sustained. In *Tilly v. Mitchell & L.
Co.* 121 Wis. 1, 98 N. W. 969, the action was by persons suf-
fering a special injury not common to the whole public to
declare certain ordinances void and restrain action there-
under, and the distinction is pointed out between actions of
this kind where the plaintiff suffers or will suffer from the
enforcement of the void ordinance an injury special or pe-
culiar to himself and not common to the public in general,
and those in which the injury or damage affects the public.
The same kind of action by one specially affected was main-
tained in *Bonnett v. Vallier,* 136 Wis. 193, 116 N. W. 885;
and similar authorities are cited by appellant as follows:
*Mayor v. Radecke,* 49 Md. 217, 33 Am. Rep. 239; 2 High,
Injunctions, § 1254; *Pittsburg's Appeal,* 79 Pa. St. 317;
*Delphi v. Startzman,* 104 Ind. 343, 345, 3 N. E. 937; 20 Am.
& Eng. Ency. of Law (2d ed.) 1154; 28 Cyc. 212.

Cases like *Stedman v. Berlin,* 97 Wis. 505, 73 N. W. 57,
or *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis.
493, 83 N. W. 851, and similar cases, are not in point here,
for this suit is to restrain unauthorized action of municipal
officers specially injurious to the plaintiff and his class and
there is no other adequate remedy. *Certiorari* would not
reach the question of the number of electors and landowners
in the annexed district. *Quo warranto* is manifestly inap-
propriate, and, in short, the remedy is in equity, as amply
shown by the foregoing authorities.

We consider the statement of defective publication a conclusion of law and insufficiently pleaded, but the averment that the petition upon which the city council acted was not signed by a majority of the electors and the owners of at least one third of the taxable property in the territory attempted to be annexed according to the last tax roll to be a good pleading of the statute (sec. 925—18, Stats. 1898, as amended by ch. 124, Laws of 1907), which provides:

"A majority of the electors and the owners of at least one third of the taxable property according to the last tax roll, in the territory adjacent to such city may together present a petition to the common council of such city, asking for annexation thereto."

Sec. 925—19, Stats. (1898), provides that "at any regular meeting of the common council after the filing of said petition with the city clerk an ordinance may be introduced providing for the annexation of such adjacent territory." Sec. 925—17 provides that territory lying adjacent to any city may be annexed to such city in the manner thereinafter set forth. The pleading in this respect sufficiently negatived compliance with the statute on the part of the city attempting to make the annexation, and the statute makes such compliance a condition precedent to the exercise of the power of annexation.

Were this case to end here, a reversal of the judgment of the court below would be inevitable, but sec. 925—21, Stats. (1898), relating to the same subject, declares:

"The adoption of said ordinance shall operate to annex such territory to said city and to the ward or wards designated therein ninety days after the same is passed and published. The validity of the proceedings annexing such territory shall not be called in question collaterally in any court of this state, nor be called in question in any other manner in any such court unless the action or proceeding therefor be commenced within ninety days after such ordinance is adopted."

A somewhat similar statute prescribing the same length of time was construed and applied in *Application of Clark*, 135

Wis. 437, 115 N. W. 387. Sec. 925—21, Stats. (1898), is peculiar, however, in the respect that upon the adoption of the ordinance it does not go into force or operate to annex the territory to the city until ninety days after the ordinance is passed and published. During ninety days after its adoption, without reference to the time of publication, any person legally injured by such adoption may bring the proper suit to defeat the annexation and call in question the validity of the ordinance. But ninety days after such ordinance is adopted the time for calling it in question expires whether publication is defective or not, and even if no publication has taken place.

The complaint in this action avers "that since said pretended annexation of said territory to said city the assessor of the defendant city of *Kewaunee* has pretended to assess the real estate of said plaintiffs," etc.; also, that the aldermen threaten and are about to levy taxes on said real estate, and that the city clerk threatens and is about to make out a tax roll and warrant. These averments relate to acts done pursuant to attempted annexation which could only have been done after three months had expired from the passage and publication of the ordinance. The annexation is spoken of as a past fact; that is to say, acts are alleged to have occurred "since the pretended annexation." How can we say that this means since the pretended passage of the ordinance? And yet, unless it means this, the complaint shows on its face that more than three months had elapsed from the date of the passage and publication of the ordinance, because it showed that the pretended annexation had been completed and existed as an accomplished fact, although not legally accomplished. The answer pleads this short statute of limitations. The oral demurrer does not of itself raise the defense of the statute of limitations. But the record returned on appeal *prima facie* shows that the appellant is in no wise aggrieved or injured by the dismissal of the complaint by the circuit court, because that same dismissal must inevitably result upon the facts now before us. The statute forbids us to reverse in such case.

Ch. 192, Laws of 1909. If, however, there are any facts in avoidance of this statute of limitations, the plaintiffs should be permitted by the circuit court, upon the return of this record, to file an amended complaint setting forth such matter in avoidance. Otherwise the judgment dismissing the complaint will be affirmed. The judgment is therefore affirmed subject to the right of the plaintiff to have the judgment reopened by the circuit court and an amended complaint filed upon a showing of facts sufficient to avoid the bar of the statute, which otherwise appears to conclude his action.

*By the Court.*—Judgment affirmed, and cause remanded for further proceedings according to this opinion.

The following opinion was filed October 4, 1910:

Timlin, J. On motion for rehearing the plaintiffs contended that the statute limiting the time of attack to ninety days was unconstitutional on various grounds, *inter alia* that the preliminary publication required by sec. 925—19, Stats. (1898), had not been given or had not been properly given.

If this publication was not made that is a matter for the plaintiffs to set forth in avoidance of the statute in their amended complaint as specified in the opinion of the court. The plaintiffs should present this case on a proper complaint as indicated in the opinion, raising all the questions which they now seek to present on rehearing.

*By the Court.*—The motion for a rehearing is denied, with $25 costs.