ROEHRBORN, Respondent, vs. CITY OF LADYSMITH, imp., Appellant.

*October 21—November 15, 1921.*

*Municipal corporations: Annexation of territory: Publication of proposed ordinance: Consideration by council: Unreasonable delay: Sufficiency of ordinance: When validity of ordinance may be questioned.*

1. An ordinance to annex certain territory to a city, adopted within thirty days after the introduction thereof, in violation of sec. 925—19, Stats. 1915, is absolutely void, though its validity is not questioned within the time limited by sec. 925—21, since the failure to so question cannot operate to validate a proceeding which is void and therefore without legal effect.

2. Where such ordinance was introduced pursuant to petition under secs. 925—17 *et seq.,* Stats. 1915, the city council was required to act on the ordinance within a reasonable time; but an interval of nine months between the publication of the ordinance and its adoption is *held* not to be such an unreasonable delay as to make the action of the council void.

3. A resolution of a city council "that the ordinance annexing the territory be adopted" sufficiently described the ordinance, where there was no other ordinance to which it could possibly have referred and where no one was misled by the failure to more specifically describe it.

APPEAL from a judgment of the circuit court for Rusk county: JAMES WICKHAM, Circuit Judge. *Reversed.*

Proceedings were begun under the provisions of sec. 925—17 and following sections, Stats. 1915, by which it was sought to detach certain territory from the town of Flambeau and attach it to the city of *Ladysmith,* a city of the fourth class operating under the general charter law.

A petition in compliance with the statute was duly filed, and at a regular meeting of the common council thereafter an ordinance was introduced which was published four successive weeks in accordance with the provisions of sec. 925—19, Stats. This section provides:

"Final action on said ordinance shall not be taken except

at a regular meeting of the council and not earlier than thirty days after the same is introduced."

The petition was filed May 29, 1916. On June 6, 1916, at a regular meeting, the proper resolution was introduced, and the proposed ordinance was published as required by the statute. On July 5, 1916, the council adopted a resolution in terms adopting the ordinance relating to the proposed annexation.

It will be seen that the action of the council adopting the ordinance on July 5th was premature, it being one day earlier than thirty days after it was introduced. Nothing further was done until May 1, 1917, and on that day the council adopted a resolution purporting to adopt again the ordinance, which was thereafter duly published in the official paper of the city and recorded in the ordinance book of the city.

Upon the trial the court found:

"That during the years 1916 and 1917 the taxing officers of the town of Flambeau and the city of *Ladysmith* each assessed the property in said territory attempted to be attached to said city and both of said municipalities collected a portion of the taxes in said territory for said years."

The trial court was of the opinion that by the attempt to adopt the ordinance on the 5th day of July and in not taking further action in reference thereto within a reasonable time thereafter, persons in said territory were notified that no further action would be taken with reference to the proposed ordinance, and that the attempt to pass said ordinance on the 1st day of May, 1917, was in violation of law, and said ordinance was and is void and of no effect. There was a judgment in favor of the town of Flambeau, from which the city of *Ladysmith* appeals.

For the appellant there was a brief by *McGill & Williams* and *Charles Kirwan,* all of Ladysmith, and oral argument by *Mr. Kirwan* and *Mr. L. E. McGill.*

For the respondent there was a brief by *Coe Brothers* of Barron, and oral argument by *C. C. Coe.*

ROSENBERRY, J.  It is contended on behalf of the appellant that even though the ordinance adopted July 5, 1916, was at a time prior to the expiration of thirty days from the date of its introduction, not having been drawn in question within the time limited by sec. 925—21, Stats., its validity cannot now be drawn in question.  While the statute in terms does not require the giving of a notice of the time and place when and where the proposed ordinance will be acted upon, nevertheless the purpose of the publication must be to advise those who are interested that the matter is before the common council for consideration.  Within the doctrine laid down in *Herman v. Oconto,* 100 Wis. 391, 76 N. W. 364, the action of the council in attempting to adopt the proposed ordinance before the expiration of the thirty days must be held to be a nullity and to have no legal effect.  There is language used in *Lutien v. Kewaunee,* 143 Wis. 242, at page 247 (126 N. W. 662, 127 N. W. 942), which, if not read in connection with the facts in that case, might warrant the conclusion that a statute limiting the time within which the validity of the ordinance may be called in question would operate to make its adoption valid though no publication had been had.  It is there said:

"But ninety days after such ordinance is adopted the time for calling it in question expires whether publication is defective or not, and even if no publication has taken place."

The publication there referred to is not the publication of the ordinance required to be made before it is acted upon by the council, but is the publication of the ordinance required to be made after its adoption.  A statute limiting the time within which the validity of the ordinance may be called in question cannot operate to give vitality to a proceeding which is void and therefore without legal effect.

The question then arises whether or not the action taken

Roehrborn v. Ladysmith, 175 Wis. 394.

by the council on May 1, 1917, adopting the ordinance is valid. The trial court was of the opinion that it was invalid because the council had not acted within a reasonable time after the publication of the ordinance. The statute prescribing no time within which the ordinance must be acted upon, any limitation upon the power of the council in the premises must arise by implication of law. It is not to be supposed that the proceedings had which resulted in the publication of the ordinance would authorize the adoption of the ordinance two, or three, or five years after the time of its publication. We are of the opinion that the council is required to act within a reasonable time. Is a delay of nine months unreasonable? Upon this point we find very little, if any, help from the authorities. A much shorter time is prescribed by statute in many cases where local legislative and administrative bodies are required to act. While a delay of nine months is long and might permit the adoption of the ordinance without those interested having notice, nevertheless we do not feel that we can say that such an unreasonable length of time had elapsed as to make the action of the council void. We must hold, therefore, that the ordinance was legally adopted and is in full force and effect, that the territory sought to be attached to the city of *Ladysmith* is a part of that city, and that the city is entitled to judgment accordingly.

It is contended that the ordinance was not sufficiently described in the resolution which in terms adopted the ordinance. It is clear that no one was misled in this matter—that no other ordinance by any possibility could have been referred to. The language of the resolution was "that the ordinance annexing the territory be adopted." Under the facts shown in this case we think this a sufficient reference.

Other questions discussed become immaterial in the view which we take of the case.

*By the Court.*—Judgment reversed, with directions to the trial court to proceed as indicated in the opinion.