# CASES DETERMINED

# August Term, 1926.

---

BEHLING, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*May 15—September 17, 1926.*

*Municipal corporations: Annexation of territory: Premature passage of ordinance: Filing with city clerk: Subsequent repassage by common council.*

An ordinance annexing certain territory in the town of Lake to the city of Milwaukee, introduced in the common council of Milwaukee and put on its final passage before the thirty-day period provided in the annexation statute (sec. 62.07) had expired, and thereafter filed with the city clerk, is void, and the common council was without power to call it up for repassage, as there was nothing pending before the council on which it. could act.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed, with directions.*

This is an appeal from a judgment dismissing the plaintiff's complaint in an equitable action brought to have an ordinance annexing certain territory in the town of Lake to the city of *Milwaukee* declared null and void.

*Herbert J. Piper* of Milwaukee, for the appellant.

For the respondent there was a brief by *John M. Niven,* city attorney, and *Mark A. Kline,* first assistant city attorney, and oral argument by *Mr. Kline.*

The following opinion was filed June 21, 1926:

CROWNHART, J.    It appears that ordinance number 150 was introduced in the common council of the city of *Milwaukee,* and all the necessary proceedings were taken to place the same upon its final passage, and on November 12, 1923, the same was passed, properly attested, and signed, and after its passage placed on file in the office of the city clerk, together with an affidavit of publication, on November 13, 1923.

It further appears that the action of the common council in placing the ordinance on its final passage was void for the reason that the attempted passage of said proposed ordinance was one day before the four weeks of publication of the same had been completed, and three days prior to the expiration of the thirty-day period after the introduction of the said proposed ordinance in the common council, as required by the annexation statute.

On December 10, 1923, an attempt was made to repass the ordinance by calling up the report of the committee on judiciary legislation recommending the original ordinance for adoption, and thereupon placing it on final passage and passing the same.    The ordinance was numbered 161, properly attested, published, and with the affidavit of publication filed with the city clerk.

It is the contention of the appellant that the ordinance as originally passed, when filed with the city clerk, passed out of the jurisdiction of the common council, and that all subsequent action of the common council with reference thereto was null and void.

It is the contention of the respondent that the first action of the common council in placing the ordinance on final passage was null and void because of the premature passage of the ordinance.    Respondent claims that it had a right to treat such proceedings of the common council as null and

void, and to thereafter call up the ordinance and re-pass the same.

We think that in accordance with orderly procedure, and in analogy to legislative procedure generally, the common council was without power to act on the ordinance after it had passed from the common council into the permanent records of the city of *Milwaukee*. The city clerk of *Milwaukee* acts as clerk of the common council, and while so acting is an officer of that body. But he also acts as custodian of the permanent records of the city of *Milwaukee*, and while so acting he is not an officer of the common council but is then an officer of the city of *Milwaukee*. When the original ordinance passed out of the control of the common council into the hands of the city clerk, there was nothing pending before the common council in relation thereto, thereafter. It had gone from the common council forever. Any further action affecting the ordinance must be taken by the introduction and passage of a new ordinance. This seems to be the only logical conclusion from a consideration of the charter of *Milwaukee* and the general principles of parliamentary law.

It has·always been the practice of the legislature that when a bill has been passed and certified to the secretary of state the bill is beyond recall by the legislature, and further action as to the subject matter must be by a new bill.

The respondent relies upon the decision of this court in *Roehrborn v. Ladysmith,* 175 Wis. 394, 185 N. W. 170. In that case an ordinance was prematurely passed, and some nine months thereafter the council took the matter up and re-passed the ordinance, and this court held that the common council might act upon the ordinance within a reasonable time after its introduction, and that nine months was not *per se* an unreasonable time in which to act. But in that case there was no question raised about the ordinance having passed out of the control of the common council and into

the, permanent records of the city of Ladysmith. . The decision went upon the assumed facts that the ordinance had not passed out of the control of the common council but was still pending before that body.

The lower court thought that the *Roehrborn Case* was controlling in sustaining the ordinance. We think the court was thus in error.

*By the Court.*—The judgment is reversed, with directions to enter judgment in favor of the appellant.

A motion for a rehearing was denied, with $25 costs, on September 17, 1926.