Town of Blooming Grove, Respondent, vs. City of Madison, Appellant.*

*February 8—March 5, 1957.*

* Motion for rehearing denied, with $25 costs, on May 7, 1957.

For the appellant there were briefs by *Harold E. Hanson,* city attorney, and *Leon E. Isaksen,* special counsel, attorneys, and *Thomas, Orr, Isaksen & Werner* and *Trayton L. Lathrop,* all of Madison of counsel, and oral argument by *Mr. Hanson, Mr. Leon E. Isaksen,* and *Mr. Lathrop.*

For the respondent there was a brief and oral argument by *Earl I. Cooper,* attorney, and *William J. P. Aberg* and *Paul C. Gartzke* of counsel, all of Madison.

WINGERT, J. At the outset we confront a number of preliminary and procedural objections to the propriety of deciding the case on the merits, which are advanced by the city. We consider, as did the circuit judge, that none of them is well taken and that the merits are properly before us. On the merits, we hold that the annexation ordinance is void because of failure to comply with the requirements of sec. 62.07 (1) (b), Stats. 1953, relating to publication of the proposed ordinance in advance of its adoption.

1. The city contends that the interest of the town had ceased to exist before judgment, and therefore it was improper to enter a judgment. It is argued that a town has no interest in the alteration of its boundaries except as provided in sec. 66.029, Stats.; that that statute permits the town to test the validity of the proceedings only in so far as necessary to resolve uncertainties which will hamper the town in its planning; that such uncertainties cease after the time has expired within which residents of the annexed territory can attack the validity of the annexation, which period is ninety days after adoption with respect to nonjurisdictional defects and a reasonable time with respect to jurisdictional defects; and that a reasonable time had expired before the decision

below, which came some twenty-six months after the ordinance was adopted; and therefore the case had become moot before decision so far as the town is concerned.

This contention gives too limited effect to sec. 66.029, Stats. That section is an unqualified declaration that in annexation proceedings "the town is an interested party," and it authorizes the town board to maintain an action to test the validity of the proceedings, without qualification as to time or ground of attack. The present action was commenced seventy-nine days after the ordinance was adopted, and thus within the ninety-day period specified by sec. 62.07 (3) for the commencement of such actions. It would obviously be impossible to obtain a final judicial determination within the ninety-day period after passage of the ordinance, and there is nothing to show that the town was guilty of any want of diligence in the prosecution of its action.

The city points to certain language in *Town of Madison v. City of Madison,* 269 Wis. 609, 616, 70 N. W. (2d) 249, in which this court stated arguendo that the town has an interest in compliance with the required procedure for annexation, since an invalid annexation would hamper and prejudice the planning and operation of the town's governmental affairs. It was not meant to intimate that the interest of the town, recognized and implemented by sec. 66.029, Stats., would cease as soon as it was too late for any other party in interest to commence an action to test the validity of the annexation; and we do not think that such an interpretation of the court's language is warranted.

In short, we construe sec. 66.029, Stats., as authorizing the town not only to commence the action, but also to see it through to a conclusion.

2. It is argued that the action must fail because the residents in the area are the real parties in interest and no resident is joined as a party to the action.

.:If there was a defect of parties, it was waived by failing to: assert it by answer or demurrer. Sec. 263.12, Stats.; *Brown Deer v. Milwaukee,* 274 Wis. 50, 69, 79 N. W. (2d) 340. A motion for summary judgment goes to the merits and does not take the place of a demurrer. *Fredrickson v. Kabat,* 260 Wis. 201, 204, 50 N. W. (2d) 381; *McLoughlin v. Malnar,* 237 Wis. 492, 495, 297 N. W. 370. Here the court had jurisdiction of the parties and the subject matter. *Town of Madison v. City of Madison,* 269 Wis. 609, 616, 70 N. W. (2d) 249.

We prefer, however, to deal with this contention on its merits, and we hold that the action may be maintained by the town without joining any resident of the annexed area. Sec. 66.029, Stats., recognizes that the town may "maintain" an action to test the validity of the annexation. Sec. 260.15 authorizes "a person expressly authorized by statute" to sue "without joining with him the person for or against whose benefit the action is prosecuted." "Person" includes bodies politic (sec. 990.01 (26)). The two statutes, secs. 66.029 and 260.15, furnish ample authority for the maintenance of the present action by the town as representative of like-minded residents in the affected area, without joining any of such residents as parties.

*Fish Creek Park Co. v. Bayside,* 273 Wis. 89, 76 N. W. (2d) 557, and *Schatzman v. Greenfield,* 273 Wis. 277, 77 N. W. (2d) 511, cited by the city, hold that residents in the annexed area may maintain an action to challenge the validity of the annexation, and in such an action the town is not a necessary party; but they do not hold that residents are indispensable parties in an action by the town itself under sec. 66.029, Stats. Cf., *White House Milk Co: v. Thomson,* ante, p. 243, 81 N. W. (2d) 725.

It is urged that since no resident is a party to the action, the judgment will not settle anything, because it will not be

binding on the residents of the affected area. The judgment will certainly settle the rights of the town and the city in the premises, and since under secs. 66.029 and 260.15, Stats., it is in substance a statutory representative action, the adjudication will, in practical effect, bind the residents as well. Affected residents wishing to assert rights at variance with the claims of either town or city may protect themselves by intervention or prompt commencement of a separate action. They cannot sit by, do nothing, and avoid being bound by the judgment in the town's action.

3. The declaratory feature of the judgment is challenged as improper because residents of the annexed area, who are said to be necessary parties, have not been joined. Reliance is placed on sub. (11) of the Declaratory Judgments Act, sec. 269.56, Stats., which provides that "when declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the right of persons not parties to the proceeding."

As pointed out under section 2 of this opinion, any defect of parties has been waived by failure to assert it by answer or demurrer. However, we think it well to dispose of the contention on the merits.

We do not construe the statute as requiring that where a declaratory judgment as to the validity of a statute or ordinance is sought, every person whose interests are affected by the statute or ordinance must be made a party to the action. If it were so construed, the valuable remedy of declaratory judgment would be rendered impractical and indeed often worthless for determining the validity of legislative enactments, either state or local, since such enactments commonly affect the interests of large numbers of people. See *White House Milk Co. v. Thomson*, ante, p. 243, 81 N. W. (2d) 725.

The above-quoted provision of sec. 269.56 (11), Stats., must be read in the light of other provisions of the same statute. Sub. (2) authorizes any person whose rights are affected by a statute or municipal ordinance to have determined any question of validity arising thereunder. (The town is a "person" within the meaning of that provision, secs. 66.029 and 990.01 (26).) Sub. (11) provides that in any proceeding which involves the validity of a municipal ordinance (here the annexation ordinance), the municipality shall be made a party. Sub. (12) declares the Declaratory Judgments Act to be remedial, and that it is to be liberally construed and administered. These provisions, which so clearly show the purpose to make declaratory relief available in proper cases for those aggrieved by uncertainties as to the validity of municipal ordinances and even state statutes, should not be nullified by an inconsistent and unduly literal interpretation of the provisions of sub. (11) relative to the joinder of parties.

With sub. (11) should also be read sec. 260.15, Stats., permitting an action by "a person expressly authorized by statute," without joining the person for or against whose benefit the action is brought, and sec. 66.029 authorizing the town to challenge the validity of an annexation.

We hold, therefore, that declaratory relief may be granted in an action brought by a town pursuant to sec. 66.029, Stats., to challenge the validity of a city ordinance purporting to annex territory within the town, without joining residents or taxpayers in the affected area. We consider applicable the principle stated by a text writer as follows:

"Where public officers are engaged in litigation to protect public rights and their proceedings and procedure maintain public interests, private persons are not necessary parties because they do not have any rights to protect which are not being protected." 1 Anderson, Declaratory Judgments (2d ed.), p. 297, sec. 154.

4. The city asserts that it was error to grant injunctive relief, because the complaint contains no allegation of irreparable injury and no showing of such injury is made on the motion for summary judgment. It is argued that the town has no interest in the alteration of its boundaries and cannot be injured by the annexation, since detachment of territory reduces its burdens as well as its tax base, and the public assets and liabilities will be apportioned. *In re Village of Chenequa,* 197 Wis. 163, 167, 221 N. W. 856, and other cases are cited.

Injunctive relief may be granted in aid of a declaratory judgment, where necessary or proper to make the judgment effective. *Morris v. Ellis,* 221 Wis. 307, 315, 266 N. W. 921. The granting or refusal of an injunction lies in the sound discretion of the trial court. *Christie v. Lueth,* 265 Wis. 326, 334, 61 N. W. (2d) 338. We see no abuse of discretion in the present case.

As long ago as 1910 it was held in *Lutien v. Kewaunee,* 143 Wis. 242, 244, 245, 126 N. W. 662, that an injunction suit is a proper remedy to test the validity of an annexation, certiorari being inadequate to reach defects not appearing on the record before the common council (as for example the sufficiency of the number of signatures on the petition for annexation, which is challenged in the present action), and *quo warranto* being "manifestly inappropriate;" and as recently as the present term injunctional relief has been held proper without question in a hard-fought case. *Brown Deer v. Milwaukee,* 274 Wis. 50, 72, 73, 79 N. W. (2d) 340. It is now too late to question the well-established rule of *Lutien v. Kewaunee, supra.*

While the city seeks to distinguish *Lutien* on the ground that irreparable injury was alleged by the plaintiff landowners in that case, the want of such explicit allegation is not fatal to the town in the present action. Sec. 66.029, Stats., declares categorically that "the town is an interested

party" and "grants to towns the right to compel and enforce a strict compliance with the required procedure." *Town of Madison v. City of Madison,* 269 Wis. 609, 615, 70 N. W. (2d) 249. Thus the pertinent legislation recognizes that unauthorized dismemberment of the town is an injury to the town's interest. Such injury is of course irreparable.

"An injury will be enjoined as irreparable if its nature be such that it cannot be adequately compensated in damages or cannot be measured by any certain pecuniary standard." *Butterick Publishing Co. v. Rose,* 141 Wis. 533, 539, 124 N. W. 647.

Moreover, under secs. 66.029 and 260.15, Stats., the town may act in part in a representative capacity, and may assert injury to its residents. "The right to live in a particular municipal unit is an important right and should be protected by all the safeguards that the law provides." *Blooming Grove v. Madison,* 253 Wis. 215, 218, 33 N. W. (2d) 312. Thus unlawful transfer from one municipal unit to another may be an irreparable injury to residents in the annexed area.

Injuries of the sort above mentioned being inherent in an annexation sought to be accomplished without compliance with the procedure required by law, the omission of an explicit allegation of irreparable injury in the complaint is not fatal to the action, nor does the omission to assert such injury specifically in the motion papers invalidate the summary judgment.

5. It is next contended that the action is a collateral attack on the validity of the annexation, and is barred by that provision of sec. 62.07 (3), Stats., which reads:

". . . The validity of the proceedings shall not be collaterally attacked, nor in any manner called in question in any such court unless the proceedings therefor be commenced before the expiration of either of the ninety-day periods herein provided for."

While the present action was commenced seventy-nine days after the enactment of the annexation ordinance, the city contends that the ninety-day period for commencing action is available only to direct attacks and does not apply to the first clause of the quoted provision, that "the validity of the proceedings shall not be collaterally attacked." It is said that collateral attacks are absolutely prohibited, at any time, and that the present action is a collateral attack, only certiorari and *quo warranto* being direct attacks.

We consider, however, that the attack on the annexation ordinance by the present action is direct, not collateral, since the primary and indeed only purpose of the action is to obtain an adjudication that the ordinance is invalid and incidental injunctive relief against attempts to enforce it. Challenge of the annexation is the main objective, not a side issue, and the action moves directly to that end.

*In re Incorporation of Village of St. Francis,* 208 Wis. 431, 243 N. W. 315, relied on by the city, is not to the contrary. There the primary objective of the proceeding was to obtain incorporation of a village, and the validity of a neighboring city's prior proceedings for annexation of territory sought to be incorporated into the village was incidentally challenged in order to save the village incorporation. Incorporation of the village being the direct objective of the proceeding, inquiry into the validity of the annexation was treated as collateral.

It is worthy of note that the above-quoted provision of sec. 62.07 (3), Stats., with respect to collateral attacks was in the annexation statute in substantially equivalent language when the leading case of *Lutien v. Kewaunee,* 143 Wis. 242, 126 N. W. 662, established that an action in equity for injunctive relief is a proper method of challenging the validity of an annexation, and was referred to by the court in that case (143 Wis. at p. 246).

6. What has been said with respect to the direct character of the present attack on the validity of the annexation answers the city's next point, that by virtue of sec. 328.20, Stats., the court in the present action cannot review errors in the official proceedings of the city's common council, the proper remedy being certiorari.

Sec. 328.20, Stats., provides that "any charter . . . and every amendment in any form, of the charter . . . of any corporation, filed or recorded . . . and a duly certified copy of any such document . . . shall be received as conclusive evidence . . . of the due amendment of the charter . . . in all cases where such facts are only collaterally involved. . . ." Assuming without deciding that this statutory provision applies to an annexation ordinance, as being a charter amendment of a corporation, it gives conclusive effect only where the facts are only collaterally involved. In the present case the annexation ordinance is being directly challenged and the facts pertinent to the question of validity are directly, not "only collaterally involved."

7. Coming now to the merits, we are constrained to hold as did the lower court that the annexation ordinance is void for want of compliance with the statutory requirement for publication in advance of adoption.

The applicable statute, sec. 62.07 (1) (b), provides that after the filing of a petition for annexation an ordinance annexing the territory shall be introduced at a meeting of the council and "shall . . . be published once each week for four successive weeks in the official paper and thereafter be adopted at a regular or special meeting by two thirds of all the members of the council."

In the present case the petition for annexation was filed on April 22, 1954, and the proposed ordinance was introduced at a meeting of the city council on the same day. It was thereafter published in the official newspaper on April 30th and May 7th, 14th, and 21st, under a notice that it would be

acted upon by the council "at its next regular meeting following publication hereof." On May 25th the ordinance was adopted at a special meeting of the council. Thus the ordinance was adopted on the 25th day, being less than four full weeks, after the first publication.

In 1873 it was held that where a statute provided that notice of tax sale should be published "once in each week for four successive weeks prior to the sale," a sale held twenty-six days after the first publication was invalid for want of compliance with the statutory requirement as to publication. *Eaton v. Lyman,* 33 Wis. 34, 37. Other decisions to the same effect followed. *Chase v. Ross,* 36 Wis. 267, 274; *McCrubb v. Bray,* 36 Wis. 333, 339; *Kopmeier v. O'Neil,* 47 Wis. 593, 3 N. W. 365. By 1883 it was considered as settled in this state that under such a statute the prescribed number of weekly publications is insufficient unless the specified number of full weeks has elapsed between the first publication and the event. *Collins v. Smith,* 57 Wis. 284, 286, 15 N. W. 192.

Later cases are in accord. Thus where a statute provided for advertising of bids " 'by publishing a notice . . . not less than once a week for two successive weeks,' " it was held "reasonably clear" that the legislature required a full two weeks of publication before opening bids and was violated when the bids were opened immediately after the second publication. *Bechthold v. Wauwatosa,* 228 Wis. 544, 552, 277 N. W. 657. See also *Behling v. Milwaukee,* 190 Wis. 643, 644, 209 N. W. 762.

Diligent counsel have not referred us to any decision to the contrary in this state, although a different rule has apparently been adopted in some other jurisdictions. A recital in the statement of facts preceding the court's opinion in *Roehrborn v. Ladysmith,* 175 Wis. 394, 396, 185 N. W. 170, that an ordinance which appears elsewhere to have been adopted only twenty-six days after the first publication "was

published as required by statute" cannot be considered a decision that such publication was sufficient, since the court held the ordinance void because adopted before the expiration of the thirty-day period which the statute then required to elapse after the first publication.

The city urges us to limit the decisions above cited to cases where the purpose of the publication is to give notice of an event, such as for example a sale, and to apply a different rule in the present case on the theory that the purpose of the publication required by sec. 62.07 (1) (b), Stats., is merely to give notice that the ordinance is pending and not to give notice of the meeting at which it will be considered by the council. *Town of Madison v. City of Madison,* 269 Wis. 609, 617, 70 N. W. (2d) 249.

We do not feel at liberty to draw such a distinction. When the legislature used the language "published once each week for four successive weeks . . . and thereafter be adopted," in the presence of the long line of Wisconsin decisions above mentioned, it must be held to have used the words with the significance so uniformly given to similar words in previous enactments, and thus to have required that four weeks must elapse between the first publication and the adoption of the ordinance.

It cannot be said that the length of time between first publication and council action is unimportant. After a petition for annexation is filed, objectors have the right to persuade signers to withdraw their signatures, while proponents may add new signatures; and it is necessary to the validity of the annexation that there be a sufficient number of unwithdrawn signatures on the date of adoption of the ordinance. *Town of Brookfield v. City of Brookfield,* 274 Wis. 638, 80 N. W. (2d) 800. Since such activities on the part of objectors and proponents necessarily take time, no one can say that the adoption of the ordinance twenty-five days instead of four weeks after the first publication is an

insignificant deviation or that rights will not be prejudiced thereby.

Since the city council purported to adopt the ordinance before the required time had elapsed after the first publication of notice, the attempted annexation was voidable at best. *Roehrborn v. Ladysmith,* 175 Wis. 394, 396, 185 N. W. 170. Appropriate action having been timely commenced to avoid it, the circuit court properly declared it void.

8. Since the decision that the ordinance is void for want of sufficient publication necessarily results in affirmance of the judgment, we need not consider the merits of the circuit court's determination that the ordinance is also invalid by reason of inaccuracies in the description of the territory to be annexed.

*By the Court.*—Judgment affirmed.