# CITY OF MASON CITY
## v.
## MORGAN BARNGROVER.

*Municipal Corporations—Barbed Wire Fence—Ordinance Requiring Removal of—Whether Reasonable.*

In an action to recover a penalty for the violation of an ordinance in neglecting to remove a barbed wire fence, this court affirms the judgment for

the defendant on the ground that, in its application to him and his lots, the ordinance is unreasonable and unauthorized.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Mason County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. T. N. MEHAN, for appellant.

"The power conferred on municipal corporations is not to declare what may be a 'public nuisance' or a 'nuisance *per se*,' but it is to declare what shall be a 'nuisance,' and to abate the same." Harmon v. City of Chicago, 110 Ill. 400, 412.

"But when the City Council will exercise the powers with which it is clothed, rests in its legislative discretion, and the consequences that may flow from the enforcement of ordinances enacted within powers conferred, rest alone upon the body enacting them, and with which the courts can have no concern." Harmon v. City of Chicago, 110 Ill. 400, 414.

"Every intendment is in favor of the validity of city ordinances." Dillon Mun. Corp., Sec. 353, and note 4.

"An ordinance is not invalid because it prohibits what might otherwise lawfully be done." Dillon, Mun. Corp., Sec. 260.

"It is an unavoidable consequence of city ordinances that they in some degree interfere with unlimited exercise of private rights." State v. Freeman, 38 N. H. 428.

"Every actual encroachment upon a highway by the erection of a fence or building thereon or any other permanent or habitual obstruction thereof may fairly be said to be a nuisance. Even though it does not operate as an actual obstruction of public travel, the public is entitled to the full and free use of all the territory embraced within a highway in its full length and breadth," etc.   Wood on Nuisances, 237.

As to what regulations are proper in cases of preserving the peace and protecting the person and property of its citizens, "Much," says the court, "must be left to the judgment and discretion of the corporate authorities." Dillon, Mun. Corp., Sec. 340, note 2.

The Supreme Court, speaking of an ordinance passed under the power "to declare what is a nuisance and to abate the same," says: "In doubtful cases, where a thing may or may not be a nuisance, depending upon a variety of circumstances requiring judgment and discretion on the part of the town authorities in legislative functions, under a general delegation of power like the one we are considering, their actions, under such circumstances, would be conclusive of the question. Harmon v. City of Chicago, 110 Ill. 400; North Chicago Ry. Co. v. Lake View, 105 Ill. 207.

"If any doubt exists as to the ordinance the construction thereof must be in favor of the municipal corporation, who represents the public." Charles River Bridge v. Warren Bridge et al., 11 Pet. 545.

Although the act of the Illinois Legislature may pronounce barbed wire a legal fence, this does not make a city ordinance void because it pronounces it a nuisance within its corporate limits. Chebanse v. McPherson, 15 Ill. App. 311.

Mr. G. W. ELLSBERRY, for appellee.

Municipal corporations exercise only delegated and limited powers, and in the absence of statutory authority to that effect, courts are authorized to indulge in no presumptions in favor of the validity of their ordinances. Schott v. People, 89 Ill. 195.

When an ordinance is objected to as evidence, authority to pass it must be clearly shown. City of Alton v. Hartford Fire Ins. Co., 72 Ill. 328.

The dangerous doctrine that whatever a city council declares to be a nuisance, whether it in fact has that character or not, really becomes a nuisance and liable to removal or destruction simply because of that declaration, never was and never will be tolerated in this country. "This would place every house, every business, and all the property in the city, at the uncontrolled will of the temporary local authorities." Yates v. Milwaukee, 10 Wall. 505; Dillon on Mun. Corp., Sec. 308; C. R. I. & P. R. R. Co. v. Joliet, 79 Ill. 25.

The discretion of a city council is not unlimited. It must

City of Mason City v. Barngrover.

look to the charter for its authority in all cases. Sherlock v. Village of Winnetka, 68 Ill. 530; People v. Village of Crotty, 93 Ill. 180.

A nuisance, if denied, must be proven. A sweeping declaration amounts to nothing. Ewbanks v. Town of Ashley, 36 Ill. 182; Poyer v. Village of Des Plaines, 18 Ill. App. 225; Wood on Nuisances, Secs. 23, 27.

Not every use of one's property that injures another's property is nuisance. Every man has a right to the reasonable enjoyment and protection of his own property, and because of this principle the courts proceed with great caution in declaring nuisances. Wood on Nuisances, Secs. 2, 6, 8.

PLEASANTS, J. This suit was commenced November 15, 1886, before the police magistrate against appellee for the violation of an ordinance of the city approved November 23, 1885, and duly published, as follows: " All fences made and constructed on any street or alley within the limits of Mason City, in whole or in part of barbed wire, is (are) hereby declared to be a nuisance (nuisances), and any person or persons who shall build such fence or neglect or refuse to remove such fence, or such part thereof as is made of barbed wire, after this ordinance shall take effect, shall be fined in any sum not less than $5 nor more than $25." It was tried, on appeal, by the court without a jury, and the finding and judgment were for the defendant.

There is no disagreement as to the facts; Mason City is about one mile square, with a population of nearly 2,000. Its center of business and population corresponds very nearly with that of its area. Cattle are allowed to run at large in it.

Appellee owned the lots composing the east half of the block at its northwest corner, excepting only the one at the north end. As a body they faced two streets and were inclosed, a year or two before the passage of the ordinance, by a barbed wire fence set back about a foot from the street line. There was no sidewalk along them until about four months before the commencement of this suit, when a narrow one of plank was laid on the east front. This sidewalk and the streets along the lots are very little used.

The only question made in the court below and here respects the validity of the ordinance. The city is incorporated under the general law, and the discussion has taken a wide range upon the express powers over streets and to declare nuisances thereby given, and the general police power of cities. We conceive it would be of but little, if any, use to follow it at length or to review the authorities so numerously cited on both sides. A majority of the court are of opinion that this ordinance in its application to the appellee and his lots· is clearly unreasonable and, therefore, beyond the power of the City Council to pass. The writer does not concur therein.

*Judgment affirmed.*