LAURA BARR, an Infant, by JOHN F. BARR, Her Guardian ad Litem, Appellant, *v.* GEORGE GREEN, Respondent.

Negligence —barbed wire fence — whether it is or is not negligence to erect such fence is a question of fact — effect of statute relating to such fences.

1. Although the statute (Town Law [Cons. Laws, ch. 62], § 369) forbids the use of barbed wire in the construction of a division fence, except in the manner therein prescribed, without the written consent of the owner of the adjoining property, and provides that the person building a fence as therein authorized without such consent shall be liable for all damages that may be occasioned thereby, yet a barbed wire fence is not a nuisance as a matter of law. Whether it is or is not negligence to erect and maintain one is a question of fact, and the statute is to be considered in determining that question.

2. The owner of a farm adjoining and surrounding a schoolhouse lot erected a fence on the division line between his land and the lot by setting posts on such line, on which he fastened, about four feet from the ground, a barbed wire, with barbs about six inches apart. The next day, and while the fence was incompleted, a child eleven years of age, who was not aware that the wire had been fastened to the posts, ran from the door of the schoolhouse toward the fence, looking over her shoulder and calling to a schoolmate, and while so

running her neck came in contact therewith and was lacerated thereby. Upon the trial of the action to recover for the injuries the court dismissed the complaint. *Held*, error; that the questions of the negligence of the defendant and that of the contributory negligence of the plaintiff were for the jury.

*Barr* v. *Green*, 148 App. Div. 897, reversed.

(Argued January 21, 1914; decided February 24, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 19, 1912, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Knight* for appellant. The erection of the wire fence in question was unlawful, and the defendant is liable for damages to a person injured thereby. (*Fisher* v. *Cambridge Springs*, 32 N. Y. S. R. 492; *Buckley* v. *Clark*, 21 Misc. Rep. 142; *Cordell* v. *N. Y. C. Ry. Co.*, 64 N. Y. 535; *Lambert* v. *Staten Island Ry. Co.*, 70 N. Y. 104; *Rehler* v. *W. N. Y. & P. R. R. Co.*, 28 N. Y. S. R. 311; *Rowland* v. *Baird*, 18 Abb. [N. C.] 256.) It was a question for the jury whether this fence was a source of damage or probable cause of injury, irrespective of the statute. (*Rehler* v. *W. N. Y. & P. Ry. Co.*, 28 N. Y. S. R. 311; *Schmidt* v. *Cook*, 53 N. Y. S. R. 85.)

*Frank W. Brown* for respondent. The statute, section 369 of chapter 524 of the Laws of 1896, has no application to this case. (*Ditchett* v. *S. D. & P. M. R. R. Co.*, 67 N. Y. 425.) The evidence in the case would not warrant the jury in finding that this fence was a nuisance; therefore, the nonsuit was properly granted. (*Guelfoss* v. . *N. Y. C. & H. R. R. R. Co.*, 23 N. Y. Supp. 925; *Robert* v. *Powell*, 168 N. Y. 411; *Hooper* v. *J.*, etc., *R. R. Co.*, 13 N. Y. Supp. 151.)

CHASE, J.    The schoolhouse site of school district No. 10 in the town of Arcade, county of Wyoming, is located on the easterly side of a highway and consists of a lot about eighty-five feet front and one hundred and twelve feet deep.    The schoolhouse faces the south side of the lot.

The defendant is the owner of a farm which adjoins the schoolhouse lot on the south, east and north sides thereof.    He erected ordinary fence posts by setting them in the ground twelve feet apart on or near the division line between his lands and the lands of said school district and along the highway adjoining his lands north and south of the schoolhouse lot.    Sometime thereafter he fastened a barbed wire on said posts, about four feet from the ground, along said highway and around the three sides of said lot.    The barbs on the wire were six inches apart.    He left the fence in such incomplete condition, intending, as he asserts, later to place on said posts two lines of wire under the one fastened thereon, and also to fasten a line of poles on the posts above the top wire.

The plaintiff is a child eleven years old and an attendant at the public school in said district.    She was absent from school the afternoon that the wire was fastened on the posts as stated, but came to the school the next day, and at an intermission in the school work ran from the door of the schoolhouse southerly, looking over her shoulder and calling as she ran to another attendant of the school, and while so running and without knowing that the wire had been fastened on the posts, her neck came in contact with the barbed wire and it was to some extent lacerated, and she suffered the injuries for which this action is brought.

Section 369 of the Town Law (Consolidated Laws, chapter 62), as it existed at the times mentioned in the complaint, provided: "Barbed wire may be used in the construction of any division fence, provided, however, that

the person or corporation desiring to use such material shall first obtain from the owner of the adjoining property his written consent that it may be so used. If the owner of the adjoining property refuses to consent to the building of such a fence, it may nevertheless be built in the following manner: the fence shall be four strands of wire with a sufficient bar of wood at the top; and the size of such top bars and of the posts and supports of such fence, and their distances apart, shall be such as the fence viewers of the town may prescribe. * * * But any person building such a fence without the written consent of the owner of the adjoining property shall be liable to all damages that may be occasioned by reason of such fence. * * *."

Division fences are not erected solely for the purpose of preventing animals from crossing division lines, but also to protect real property from being trespassed upon in any way or for any purpose, and to mark the boundaries and the possession of the person claiming title to the inclosed land. The statute is general in its terms and not confined in its application to any particular purpose. It is not claimed that the defendant has complied with it. Its provisions should be considered in determining whether the defendant was negligent. (*Kelley* v. *N. Y. State Railways*, 207 N. Y. 342; *Union Pac. Ry. Co.* v. *McDonald*, 152 U. S. 262.)

We are of opinion that a barbed wire fence is not a nuisance as a matter of law. Whether it is or is not negligence to erect and maintain a barbed wire fence is a question of fact. A person may or may not be negligent in building or maintaining such a fence depending upon the place where the same is erected or maintained and the circumstances affecting the question whether such a fence would in any way constitute a source of danger. The practice of children playing about a school yard during the hours of intermission is well known, and in this case it appears that the lands adjoining the schoolhouse

grounds had theretofore been unfenced and it had been the custom of the children attending the public school to run from the schoolhouse grounds upon the lands of the defendant. The plaintiff and other children had also been accustomed to go upon the lands of the defendant to pick strawberries. It was the plaintiff's intention to go upon the defendant's lands and pick strawberries at the time she was injured. The contracted lines of the schoolhouse lot and the fact that his lands adjoining such lot had previously remained unfenced were known to the defendant. The question arises as to whether he should not have apprehended that some attendant of the school would run or fall against the barbs on the fence wire erected by him.

Whether a person is liable for injuries arising from the erection of a fence depends upon the ordinary principles or rules as to what constitutes negligence. If a fence or other structure is erected in a place where in case of its fall other people would be in danger of injury therefrom, it is the duty of a person erecting such a fence or structure to do so in such a manner that an ordinarily prudent person would not apprehend danger of its falling. We see no difference in the principle involved if instead of a person building a fence or structure in a way that an ordinarily prudent man would have apprehended that it might fall and cause injury to others, and a person who builds a fence or structure of such materials or in such form that an ordinarily prudent man would have apprehended that it might result in injury to others through contact with it.

The facts narrated and shown by the record in this case are such that it should have been left to the jury to determine whether the defendant was negligent in the erection of the barbed wire fence and in leaving the same unmarked and unprotected by a bar of wood as provided by statute or otherwise. The question whether the plaintiff was guilty of contributory negligence was also under

the circumstances disclosed a question of fact for the jury.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., COLLIN, HOGAN and MILLER, JJ., concur; WERNER, J., dissents on ground there is no evidence of negligence on part of defendant; CUDDEBACK, J., dissents.

Judgment reversed, etc.