WILLIAMS, Appellant, vs. CITY OF HUDSON and others, Respondents.

*September 9—October 8, 1935.*

121

For the appellant there were briefs by *W. T. Doar* of New Richmond, attorney, and *Harris Richardson* of St. Paul, Minnesota, of counsel, and oral argument by *Mr. Richardson.*

For the respondents there was a brief by *Spencer Haven* and *W. B. Webster* and *T. J. O'Brien,* city attorney, all of Hudson, and oral argument by *Mr. Haven.*

FAIRCHILD, J. There is no valid objection to the erection of a fence to the height appellant intends to build it. The trial court so ruled, and that ruling is not questioned by any appeal or notice to review.

Appellant proposes to attach to the top of the fence, on the inside, arms, and to string barbed wire thereon. Is the ordinance prohibiting the use of barbed wire as a part of any fence in the city of Hudson, except on farms, valid and effective against this appellant? She owns a home in the city of Hudson with about an acre and a quarter in connection with it. She grows vegetables; has bearing fruit and nut trees, and engages to a considerable extent in general gardening. While appellant is not at home a great deal of the time, her aged mother and her aunt live there all the time. These people have been annoyed by trespassers. Their fruits and vegetables have been stolen. As a protection to their rights and property, they have already partly inclosed their land with a high fence described as a "cyclone fence." It is proposed to completely inclose the premises with such a fence. The plan includes the attachment of arms with barbed wire. Can appellant be deprived of her right to protect her property by the ordinance? The common law has always protected the right of an owner of land to fence his property. It is a right of property, and cannot be unreasonably interfered with. To deprive one of this right to use his yard and home in a way which does not interfere with the

usual and lawful commerce and life of a community would be exercising a high power that is not to be used except when the public welfare requires it. The right to use and enjoy a home and garden or farm or factory may be taken away by exercise of the power of eminent domain, resulting in compensation for that which is taken, or it may be affected under regulations that flow from the exercise of police power. But these powers are to be exercised only under all the conditions and limitations prescribed by law. *Piper v. Ekern*, 180 Wis. 586, 194 N. W. 159; *State ex rel. Carter v. Harper*, 182 Wis. 148, 196 N. W. 451.

The interference with appellant's right to protect her garden cannot be justified by any requirement of public welfare, health, or morals. The method and manner in which the barbed wire is to be attached to an otherwise lawful fence creates no danger to anyone lawfully using any of the streets or the alley, or to anyone passing in the vicinity. The distance above the ground at which the wire is to be placed excludes the possibility of anyone coming in contact with the wire unless it be one purposely doing so in an effort to trespass and maraud. Barbed wire is not a nuisance *per se*. *Barr v. Green*, 210 N. Y. 252, 104 N. E. 619; *Mason City v. Barngrover*, 26 Ill. App. 296. The fence is to be on the owner's property, and the barbed wire is to be attached on the inside extending over the property, and all within the property line. This construction is within the rights protected and assured to the individual citizens by sec. 13, art. I, of the state constitution and the Fourteenth amendment to the United States constitution. The restrictions sought to be imposed, and as set forth in the ordinance, are unreasonable and cannot be sustained as valid. Appellant is therefore entitled to the relief prayed for. The injunction should issue.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.