CITY OF MADISON, Plaintiff and Appellant, v. TOWN OF BLOOMING GROVE and others, Defendants: VILLAGE OF MCFARLAND, Defendant and Respondent.*

*June 5—June 27, 1961.*

For the appellant there were briefs by *Alton S. Heassler,* acting city attorney, and *Orr, Isaksen, Werner & Lathrop* of Madison, special attorneys, and oral argument by *Trayton L. Lathrop* and *Leon E. Isaksen.*

For the respondent there was a brief and oral argument by *Lloyd A. Schneider* of McFarland, and *Lawrence E. Hart* of Madison.

BROWN, J.   Annexation proceedings are purely statutory and this proceeding is governed by sec. 66.021, Stats. 1957. It provides two methods for the annexation of territory, and the respective procedures are commenced as follows:

"66.021 ANNEXATION OF TERRITORY. . . .

"(2) *Methods of Annexation.* Territory contiguous to any city or village may be annexed thereto in the following ways:

"(a) Direct annexation. A petition for direct annexation may be filed with the city or village clerk signed by:

"1. A majority of the electors residing in such territory and either a. the owners of one half of the land in area within such territory, or b. the owners of one half of the real property in assessed value within such territory; or

"2. If no electors reside in such territory, by a. the owners of one half of the land in area within such territory, or b. the owners of one half of the real property in assessed value within such territory.

"(b) Annexation by referendum. A petition for a referendum on the question of annexation may be filed with the city or village clerk signed by 20 per cent of the electors residing in the territory and 50 per cent of the owners of the real property either in area or in assessed value."

To complete annexation, an annexation ordinance must be adopted in compliance with sec. 66.021 (7), Stats., which directs:

*"Annexation Ordinance.* (a) An ordinance for the annexation of the territory described in the annexation petition may be enacted by a two-thirds vote of the elected members of the governing body within sixty days after the date of filing with the city or village clerk of the petition for annexation or of the referendum election if favorable to annexation. Such ordinance may temporarily designate the classification of the annexed area for zoning purposes. . . .

"(c) The annexation shall be effective upon enactment of the annexation ordinance. . . ."

A petition for direct annexation of these lands was filed with the city clerk on February 12, 1959. On or about March 15, 1959, a petition for referendum was filed with the town clerk, who notified the city clerk on or about April 7, 1959, that a referendum election would be held April 10, 1959. The election was held on that date and the city's complaint alleges that the election resulted favorably to annexation. The city's ordinance of annexation was enacted December 10, 1959. From these dates shown on the face of the complaint it appears that the annexation ordinance of the city was not adopted within any sixty-day period, either following the date when the petition for direct annexation was filed with the city clerk or following the date of the referendum election favorable to annexation. It is not necessary to determine whether this attempted annexation is a direct annexation or an annexation by referendum. In either

case, by the expiration of the time limit the city had lost any rights in the matter when it attempted to annex the territory by ordinance adopted on December 10, 1959, as the trial court so held.

"We hold the time when an annexation ordinance may be adopted is controlled solely by sec. 66.021 (7) (a) which provides the adoption must be within sixty days after the filing of the petition for annexation or of the referendum election." *Town of Madison v. City of Madison* (1960), 12 Wis. (2d) 100, 108, 106 N. W. (2d) 264.

The city's allegations that the procedure of the referendum election was irregular and was fraudulent in that votes were cast against the annexation by persons not legally entitled to vote in the election is immaterial in this proceeding. If those votes were thrown out and the election in fact resulted in favor of annexation as the city alleges, the city is not helped thereby. It still did not enact its annexation ordinance within the sixty days following the election, which the city alleges was in fact in favor of annexation. Neither is there merit in the city's contention that the date of the election is the date when the certificate of election is made or filed by the proper public officials and the sixty-day period does not begin to run until then. We concur with the trial court that the time began to run when the polls closed on election day. Even if the city was uncertain as to whether or not the vote was favorable to annexation, the statute makes no provision for an extension of the time until the city might satisfy itself of the result of the election. The city could have protected its rights by an ordinance of annexation, if the election gave it any rights, within the succeeding sixty days, though no rights would be created by such an ordinance if the referendum in fact resulted unfavorably. At least by such an ordinance within the time, the city would not have lost the rights which it in fact did lose by its inaction.

The learned trial court determined that the city's complaint shows on its face that prior to the enactment of the ordinance of annexation, the city no longer had any interest in the area described and therefore lacked capacity to sue. Mr. Justice MARSHALL suggests in *McKenney v. Minahan* (1903), 119 Wis. 651, 656, 97 N. W. 489, that the facts make a case such as this appropriate to demurrer on the ground that the complaint fails to state a cause of action rather than on plaintiff's lack of capacity to sue.

Present defendants demurred on both grounds. We need not labor the point of which one is the proper one. On one ground or the other the demurrer should be sustained.

*By the Court.*—Order affirmed.