Town of Fond du Lac and another, Appellants, v. City of Fond du Lac, Respondent. [Case No. 118.]

*September 4, 1963—February 12, 1964.*

For the appellants there were briefs by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Edward D. Cleveland* of counsel, all of Milwaukee, and oral argument by *Mr. Cleveland.*

For the respondent there was a brief and oral argument by *Henry B. Buslee,* city attorney.

HALLOWS, J. When this matter came before us on appeal, the court was informed an appeal had been taken from the final judgment determining the merits of the controversy; this court then held this appeal in abeyance so both cases could be decided together.

The plaintiffs contend the trial court exceeded its powers in directing the city to assess the property by its order of July 30th on the ground the city's enactment of the annexation ordinance in violation of the temporary restraining order was not effective to annex the territory and, consequently, only the town of Fond du Lac could assess the property. Additionally, it is argued the assessment of property is required to be completed by the first Monday of July and the court on July 30th could not authorize the city to assess after the first Monday of July. The city contends the order is not appealable, the court had no jurisdiction to enjoin the city and the order appealed from in any event rectified the error.

The order appealed from is appealable. It modifies an injunction. Sec. 274.33 (3), Stats.; *Dunn v. Acme A. & G. Co.* (1918), 168 Wis. 128, 169 N. W. 297. Whether the temporary restraining order was valid or not is immaterial on this appeal. The validity of the enactment of the annexation ordinance was not affected by its adoption in violation of the restraining order. A restraining order like an injunction operates upon the person as it is granted in the exercise of equity jurisdiction *in personam;* an injunction has no *in rem* effect to invalidate the act done in contempt of the court's order except where by statutory authorization the decree is so framed as to act *in rem* on property. 28 Am. Jur., Injunctions, p. 492, sec. 4; 4 Pomeroy, Eq. Jur. (5th ed.), p. 973, sec. 1360.

It is within the court's discretion whether or not to grant a preliminary injunction to restrain the enforcement of a city ordinance. The granting of a temporary injunction is authorized by sec. 268.02, Stats., when it appears from the pleadings a party is entitled to judgment and any part thereof consists of restraining some act, the commission of which during the litigation would injure him. Likewise, such a temporary injunction is authorized when during the litiga-

tion it appears a party is doing or threatening to do some act in violation of the rights of another party which would tend to render the judgment ineffectual. In this case the plaintiffs sought to attack the validity of the ordinance by way of declaratory judgment. This is a proper method. Sec. 269.56 (2); *Brown Deer v. Milwaukee* (1956), 274 Wis. 50, 79 N. W. (2d) 340. Pending that determination, it is within the jurisdiction of the court to enjoin the enforcement of the ordinance. *Williams v. Hudson* (1935), 219 Wis. 119, 262 N. W. 607; 28 Am. Jur., Injunctions, pp. 688, 689, secs. 186 and 187. This the trial court did on August 24, 1961.

In April of 1962, the court was made aware of the problem of who should tax the property involved in the annexed territory and was confronted with the question of modifying the injunction to permit the city to assess the property. By sec. 70.01, Stats., taxes are required to be levied on all general property in this state excepting such as is exempt therefrom. Property to be assessed under that section is the property in the municipality as of May 1st of the year in question. *Foscato v. Byrne* (1958), 2 Wis. (2d) 520, 87 N. W. (2d) 512.

As the case then stood, the property in the annexed area was presumptively within the city. The merits of the case had not yet been heard, but the trial court did have before it the motion on summary judgment. The court had the same jurisdiction to continue, dissolve, or modify an injunction upon equitable grounds as it had in the first instance when it enjoined the enforcement of the annexation ordinance pending the determination of the validity of the annexation. The court decided the rights of the plaintiffs at that time were not so threatened with irreparable damage as to require the continuance of the injunction in full effect and the plaintiffs' case was not sufficiently strong to continue to enjoin the city from assessing and collecting taxes on the theory the annexation was invalid.

The argument the trial court on July 30th could not authorize the city to assess the property because such assessment under sec. 70.10, Stats., must be completed by the first Monday in July is without merit. This section is directory upon the assessor to complete the assessment by that date. Failure does not prevent a valid assessment from being made later. By sec. 70.52 clerks upon receiving the assessment roll are authorized to add to the roll any parcel of property omitted by the assessors and sec. 70.555 provides the directions for assessing land are directory only and error shall not affect the validity of the tax or the assessment.

However, the trial court abused its discretion in modifying the injunction to permit the defendant to assess taxes and leaving the injunction in effect for all other purposes. Many private and public rights and inconveniences should have been placed in the balance and considered. The defendant was allowed to collect taxes but public services were left to be furnished by the town of Fond du Lac. It would appear sec. 66.03 (13) (bb), Stats., offers scant relief in providing for "an apportionment of general property taxes and current aids and shared taxes" between the municipalities whenever territory which has been annexed is returned to its former status by reason of a final court determination. This apportionment seems to apply only to the year in which the return takes place and is based on the length of time the territory was located in the respective municipalities. The section contemplates each municipality furnished services to the territory for that part of the year. Here, we have one municipality furnishing the services and the other one taxing and at a considerably higher rate.

Many interim problems arise during the contest of the validity of an annexation and it would seem desirable that the annexation should be effective for all purposes or not effective at all during the attack on its validity.

The legislature has been aware of the acute problems created by annexations and their increase by long-drawn-out contests in the courts. Under old sec. 62.07, Stats., as that section existed prior to its repeal by ch. 676, sec. 2, Laws of 1957, an annexation ordinance did not become effective until ninety days after passage and actions to collaterally contest the annexation could not be commenced after that time. However, the section did not prevent a contest grounded on the lack of jurisdiction. *Brown Deer v. Milwaukee* (1956), 274 Wis. 50, 79 N. W. (2d) 340. An annexation is now, by virtue of sec. 66.021 (7) (d), effective upon the enactment of the annexation ordinance. No action may be brought after sixty days from the effective date of the annexation whether such action challenges the annexation on procedural or jurisdictional grounds. Sec. 66.021 (10) (a). Such actions brought within the short period must be placed at the head of the calendar of the court for early hearing and the appeal to the supreme court must be taken within thirty days. Sec. 66.021 (10) (b).

We do not consider the present statutes, which apparently contemplate an annexation will be effective during trial and appeal, to forbid a court of equity in a proper case from entering an interim order declaring the effectiveness or non-effectiveness of the annexation pending the determination of its validity and denying or granting a temporary injunction. This is true although the legislative treatment of annexation is impliedly different than its solution of school reorganizations and consolidations where the effective status is automatically stayed by an appeal to the circuit court and to this court. See sec. 40.025 (4), Stats.; *Voelz v. Beck* (1963), 22 Wis. (2d) 1, 125 N. W. (2d) 33.

A court of equity has inherent power to fashion a remedy to the particular facts. Continued failure to do so would render equity as sterile and as arbitrary in its relief as the

old common-law courts, the inadequacy of which historically gave rise to the courts of chancery. On a strong showing in a case promptly attacking the validity of an annexation, a trial court in the exercise of its equitable power should not hesitate to preserve the *status quo* and to restrain the enforcement of the annexation as an incidental remedy in the declaratory-judgment action. Such declaration of the status should govern the rights of all parties and the public in relation to the annexation until the final determination on the merits is made. Not only private rights but public rights demand this certainty of status.

The problem of the status of the annexation on appeal to this court may be determined by the trial court in its declaratory judgment by not using the separate stay type of injunction used in *Brown Deer v. Milwaukee* (1959), 8 Wis. (2d) 631, 99 N. W. (2d) 860. Under sec. 269.56 (8), Stats., as supplemental relief to the declaration of rights, the status of the annexation so declared may be made effective as the facts warrant in order to avoid inequitable interim problems.

The Declaratory Judgments Act is remedial and expressly provides its purpose is to afford relief from uncertainty and insecurity with respect to rights and status and the act is to be liberally construed. Such purpose is consistent with the exercise of the inherent power of a court of equity to declare by decree the status of legal relations and to protect such status or to defer such status by the mandatory performance of acts or of restraining of acts, whichever is appropriate.

*By the Court.*—Order reversed.

BEILFUSS, J., took no part.