TOWN OF WINDSOR and Town of Burke, Plaintiffs-Respondents,

WALGREEN Co., Meyer Holding, L.L.C., Duraform Lane Properties, L.L.C., Clack Building, L.L.C., Doug Karow, and Virginia Buhler, Intervening Plaintiffs-Respondents,

v.

VILLAGE OF DEFOREST, Defendant-Appellant.

Court of Appeals

*No. 02–0281. Submitted on briefs August 9, 2002.—Decided May 22, 2003.*

2003 WI App 114

(Also reported in 666 N.W.2d 31.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Allen D. Reuter* and *Kim I. Moermond* of *Reuter, Whitish & Cole, S.C.* of Madison.

On behalf of the plaintiffs-respondents and intervening plaintiffs-respondents the cause was submitted on the brief of *Lawrence E. Bechler* and *Matthew J. Fleming* of *Murphy & Desmond, S.C.* of Madison; *Timothy D. Fenner* of *Axley Brynelson, LLP* of Madison; *Edward A. Hannan* of *Hannan & Associates, LLC* of Brookfield; *Constance L. Anderson* of *Merg & Anderson, S.C.* of Madison; and *Robert C. Procter* of *Axley Brynelson*, LLP of Madison.

Before Dykman, Roggensack and Deininger, JJ.

¶ 1. ROGGENSACK, J. The Village of DeForest appeals judgment on the pleadings granted to the Town of Windsor, the Town of Burke and intervening plain-

tiffs,[1] declaring annexation ordinance 2001–10 void. DeForest ordinance 2001–10 purported to repeal an annexation ordinance enacted two months prior, ordinance 2000–69, and to re-annex largely the same territory as previously annexed. The circuit court held that ordinance 2001–10 was void because DeForest did not comply with the statutory requirements for changing municipal boundaries found in Wis. Stat. ch. 66. We agree that judgment on the pleadings was proper and conclude that the attempted repeal of annexing ordinance 2000–69 by enacting a correcting annexing ordinance is invalid because it conflicts with the procedures set out in Wis. Stat. § 66.0217 (2001–02).[2] Accordingly, because the power to annex land is purely statutory and DeForest failed to comply with the statutory directive when it enacted ordinance 2001–10, we affirm the circuit court's judgment setting aside annexation ordinance 2001–10.[3]

---

[1] Although intervening plaintiffs, Walgreen Co., Meyer Holding, LLC, Duraform Lane Properties, LLC, Clack Building, LLC, Doug Karow and Virginia Buhler, are parties to this action, we shall refer to them in this opinion, collectively, as Windsor and Burke, unless the context requires otherwise.

[2] All further references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted. Wisconsin Stat. ch. 66 was recodified and reorganized by 1999 Wis. Act 150, that renumbered Wis. Stat. § 66.021 (1997–98) as Wis. Stat. § 66.0217.

[3] Windsor and Burke argue in the alternative that ordinance 2001–10 is void because it violates the common law rule of prior precedence. Because we conclude that DeForest's method of enacting ordinance 2001–10 conflicts with the annexation procedures set out in Wis. Stat. ch. 66, we do not consider the issue of prior precedence.

## BACKGROUND

¶ 2. On December 18, 2000, the Village of DeForest enacted annexation ordinance 2000–69 to annex approximately 2100 acres of land located partly in the Town of Windsor and partly in the Town of Burke. Shortly thereafter, Windsor and Burke filed a complaint contesting the validity of the annexation. Two weeks later, the original promoters of ordinance 2000–69, Capitol Warehousing Corporation and CapWin 19, LLC, published in the DeForest Times-Tribune a "Notice of Intent" to circulate an annexation petition accompanied by a legal description of the property to be annexed. The territory identified by the notice of intent included the same 2100 acres annexed by ordinance 2000–69 plus an additional 100 acres of land.[4] Capitol Warehousing and CapWin 19 filed the annexation petition with DeForest, and on February 12, 2001, DeForest enacted annexation ordinance 2001–10, that purported to repeal ordinance 2000–69 and re-annex the 2100 acres earlier annexed, plus an additional one hundred acres.

¶ 3. Windsor and Burke then filed a second action against DeForest, this time challenging the validity of ordinance 2001–10. The two cases were consolidated for purposes of discovery and pretrial motions. Windsor and Burke moved for judgment on the pleadings with regard to ordinance 2001–10, alleging that the ordinance was void as a matter of law. The circuit court granted their motion. DeForest appeals.

---

[4] No party asks us to examine the territory subject to ordinance 2001–10 as anything other than a single unit.

## DISCUSSION

### Standard of Review.

¶ 4. Whether judgment on the pleadings should be granted is a question of law that we review *de novo*. *Freedom from Religion Found., Inc. v. Thompson*, 164 Wis. 2d 736, 741, 476 N.W.2d 318, 320 (Ct. App. 1991). The construction of a statute and its application to undisputed facts also present questions of law that we review without deference to the circuit court. *Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315, 317 (Ct. App. 1997).

### Judgment on the Pleadings.

¶ 5. Judgment on the pleadings is proper only if there are no genuine issues of material fact. *See Bantz v. Montgomery Estates, Inc.*, 163 Wis. 2d 973, 984, 473 N.W.2d 506, 510 (Ct. App. 1991). It is essentially summary judgment, minus affidavits and other supporting documents, where we apply the first two steps of summary judgment methodology. *Schuster v. Altenberg*, 144 Wis. 2d 223, 228, 424 N.W.2d 159, 161 (1988) (citation omitted). We first examine the complaint to determine whether it states a claim. *Id.* We then turn to the responsive pleadings to ascertain whether a material factual issue exists. *Id.* If the complaint is sufficient to state a claim and the responsive pleadings raise no material issues of fact, judgment on the pleadings may be appropriate.

¶ 6. DeForest argues that the circuit court erred by granting judgment on the pleadings because a material fact remained in dispute. We disagree. Here, the

complaint states a claim that ordinance 2001–10 was not validly enacted due in part to the territory the ordinance sought to annex, and DeForest admits that ordinance 2001–10 affects all of the land annexed by the first ordinance. While there are other facts that the pleadings show are in dispute, their resolution does not affect our task here—to decide the validity of annexing ordinance 2001–10.

¶ 7. Furthermore, while it is true, as DeForest contends, that when judgment on the pleadings was granted, the status of ordinance 2000–69 had been challenged and remained undecided. This prospect alone, however, does not create a material issue of fact for purposes of judgment on the pleadings regarding whether ordinance 2001–10 could effect annexation of the territory described in both ordinances. WISCONSIN STAT. § 66.0217(8)(c) provides that an "annexation is effective upon enactment of the annexation ordinance." And, it is well settled that an annexation ordinance continues in effect until declared invalid by a court. *KW Holdings, LLC v. Town of Windsor*, 2003 WI App 9, ¶ 22, 259 Wis. 2d 357, 656 N.W.2d 752; *see also State ex rel. City of Madison v. Village of Monona*, 11 Wis. 2d 93, 96, 104 N.W.2d 158, 160 (1960) ("An annexation ordinance, which at most is voidable and not void, continues in effect until declared invalid by proper court determination."). Therefore, we need not address whether Windsor and Burke's challenges to ordinance 2000–69 are valid, and we move to the validity of annexation ordinance 2001–10.

**Annexation Ordinances.**

¶ 8. Annexation proceedings are purely statutory. *City of Madison v. Town of Blooming Grove*, 14 Wis. 2d 143, 144, 109 N.W.2d 682, 683 (1961). A municipal corporation has no power to extend its boundaries other than as provided for by legislative enactment or constitutional provision. *Town of Madison v. City of Madison*, 269 Wis. 609, 615, 70 N.W.2d 249, 252 (1955); *Town of Greenfield v. City of Milwaukee*, 272 Wis. 610, 611–12, 76 N.W.2d 320, 321 (1956) ("The power granted by the legislature to municipalities to extend their boundaries must be exercised in strict conformity with the statute conferring it."). WISCONSIN STAT. ch. 66 prescribes the procedures for annexation. Therefore, whether ordinance 2001–10 is valid turns in part on the statutory requirements for annexation set out in ch. 66. *See Town of Wauwatosa v. City of Milwaukee*, 266 Wis. 59, 64, 62 N.W.2d 718, 720 (1954).

¶ 9. The purpose of all statutory construction is to ascertain the intent of the legislature, and our first resort is to the language of the statute itself. *State v. Setagord*, 211 Wis. 2d 397, 406, 565 N.W.2d 506, 509 (1997). If the words of the statute convey legislative intent, that ends our inquiry. *Kelley Co., Inc. v. Marquardt*, 172 Wis. 2d 234, 247, 493 N.W.2d 68, 74 (1992). We will not look beyond the plain language of a statute to search for other meanings; we will simply apply the language to the facts at hand. *Id.*

¶ 10. WISCONSIN STAT. § 66.0217 details the legislative scheme for direct annexation, which is what DeForest attempted, whereby land is detached from a town and annexed to a city or village. It initiates with

the publishing of a notice of intent to circulate an annexation petition in the territory proposed for annexation. Section 66.0217(4). Under § 66.0217(4)(a), the notice of proposed annexation must contain:

2. A legal description of the territory proposed to be annexed and a copy of a scale map.

3. The name of the city or village to which the annexation is proposed.

4. The name of the town or towns from which the territory is proposed to be detached.

Within six months of the publication of the notice, a petition for direct annexation must be filed with the city or village clerk. Section 66.0217(5). The petition must also "contain a legal description of the territory proposed to be annexed and have attached a scale map." *Id.* Finally, an ordinance annexing the territory described in the petition may be "enacted by a two-thirds vote of the elected members of the governing body . . . ." Section 66.0217(8). The annexation is effective upon enactment of the annexation ordinance. *Id.*

¶ 11. Windsor and Burke argue that annexing ordinance 2001–10 is void because DeForest failed to meet the requirements outlined by WIS. STAT. § 66.0217 prior to enacting the ordinance. Specifically, they argue that because ordinance 2000–69's "effective date" was December 18, 2000, whereon 2100 acres of land in Windsor and Burke were annexed to DeForest, all but 100 acres of the land purportedly annexed by ordinance 2001–10 on February 12 was, "by law," already within DeForest. Accordingly, Windsor and Burke argue that DeForest's method of enacting ordinance 2001–10 con-

600

flicts with the unambiguous legislative intent regarding the effect of enacting an annexation ordinance. We agree.

¶ 12. It is unequivocal that an annexation ordinance is effective upon enactment and is presumed valid until declared invalid by a court. *See* WIS. STAT. § 66.0217(8); *KW Holdings*, 259 Wis. 2d 357, ¶ 22. The practical implications of § 66.0217(8) are myriad.[5] However, ch. 66 is silent with regard to a municipality's authority to "seasonably correct" a mistake in an annexation ordinance by enacting a correcting ordinance. Important to our analysis is the legal presumption that once an annexation ordinance has been passed, the annexed territory lies "within" the municipality to which it is annexed. *See Town of Fond du Lac v. City of Fond Du Lac*, 22 Wis. 2d 525, 529, 126 N.W.2d 206, 209 (1964).

¶ 13. Applying this presumption to the circumstances presented demonstrates that DeForest's attempt at annexation by enacting ordinance 2001–10 conflicts with the statutorily required procedure and

[5] For example, the annexing municipality must immediately file a certified copy of the ordinance with the secretary of state and any utility companies serving the area, WIS. STAT. § 66.0217(9), and record the ordinance with the register of deeds and file a signed copy of the ordinance with any affected school district. *Id.* Additionally, the ordinance is used to make recommendations for adjustments to entitlements under the federal revenue sharing program and distribution of funds under ch. 79. *Id.* The adoption of an ordinance forces the adjustment of assets and liabilities between the town and annexing municipality. WIS. STAT. § 66.0235. Finally, general property taxes are paid to the annexing municipality for the portion of the calendar year the territory is located in the "new" territory. *See* § 66.0235(13).

therefore did not affect an annexation of the territory described. First, the legal description of the territory necessarily included 2100 acres that was presumptively within DeForest. Only territory outside of the municipality enacting the ordinance is eligible for annexation. *See* Wis. Stat. §§ 66.0217(2) and (4). Second, ordinance 2001–10 by its terms "detaches" from Windsor and Burke territory that was detached by the first ordinance on December 19. *See* § 66.0217(8).

¶ 14. Third, our holding is consistent with statutory provisions regarding the right to contest the validity of an annexation. Wisconsin Stat. § 66.0217(11) authorizes an action contesting annexation on any grounds, whether procedural or jurisdictional. Therefore, because annexation is purely statutory, the statute grants the right to enforce strict compliance with the required annexation procedures. *Town of Blooming Grove v. City of Madison*, 4 Wis. 2d 447, 452, 90 N.W.2d 573, 576 (1958). However, the action must commence within ninety days after the enactment of the annexation ordinance, Wis. Stat. § 893.73(2), and we have previously held that "those who contest the validity of an annexation," must also strictly comply with this statutory directive. *See Town of Burke v. City of Madison*, 225 Wis. 2d 615, 626, 593 N.W.2d 822, 826 (Ct. App. 1999).

¶ 15. To permit DeForest to correct mistakes in its annexation ordinance by re-enacting correcting ordinances would impinge upon Windsor and Burke's right to contest the validity of the annexation ordinance in a timely fashion. *See* Wis. Stat. § 66.0217(11). By statute, any such action must be commenced within ninety days of the passage of the ordinance. Wis. Stat. § 893.73(2). However, if DeForest could enact correcting ordinances, it could annex the property with the

ordinance first in place, while successfully preventing a challenge to the validity of the annexation due to the continuing passage of new ordinances affecting the same territory. This is so because as a practical matter, strict compliance with § 893.73(2) turns on knowing when the ninety-day window begins. In short, until ordinance 2000–69 is invalidated by a method contemplated by the statutes, for example by court order, detachment proceedings, settlement or cooperative plan, WIS. STAT. §§ 66.0217(11), 66.0227, 66.0225 and 66.0307, no other annexation proceeding can be effective on the same territory. *Cf. City of Madison*, 14 Wis. 2d at 145, 109 N.W.2d at 683 ("To complete annexation, an annexation ordinance must be adopted in compliance with sec. [66.0217].""). Therefore, we agree with the circuit court that under the unambiguous statutory scheme set out by § 66.0217, DeForest may not repeal an annexing ordinance already in effect by enacting a correcting ordinance.

¶ 16. DeForest argues against this reasoning by pointing out that "[t]he general rule in annexation law permits amendment, repeal and reenactment of annexation ordinances to correct for mistakes" after the effective date. To shore up its argument, DeForest cites *Zweifel v. City of Milwaukee*, 188 Wis. 358, 206 N.W. 215 (1925). In *Zweifel*, the Milwaukee City Council annexed territory to the City of Milwaukee including territory within the City of North Milwaukee, which was contrary to established law. *Id.* at 360–61, 206 N.W. at 216. Approximately one year later, Milwaukee repealed the "unlawful" ordinance and four months later, adopted a new ordinance that re-annexed the same territory except that portion in North Milwaukee. *Id.* at 361–62, 206 N.W.2d at 216. The court upheld the second ordinance as valid. From this, DeForest argues that under

603

*Zweifel*, there exists a common law rule that permits a village to repeal and reenact an annexation ordinance absent any authorizing statutory provision. We disagree.

¶ 17. As we have explained above, a common law rule authorizing a city or village to alter its boundaries by repealing an ordinance is contrary to the well-settled rule that annexation proceedings are purely statutory. *City of Madison*, 14 Wis. 2d at 144, 109 N.W.2d at 683; *Town of Madison*, 269 Wis. at 615, 70 N.W.2d at 252 ("A municipal corporation has no power to extend its boundaries otherwise than as provided for by legislative enactment or constitutional provision."). However, to the extent *Zweifel* may imply that the repeal and reenactment of an annexation ordinance is proper, we conclude that the case does not apply to Wisconsin's current annexation laws.

¶ 18. Wisconsin passed its first general annexation statute in 1889. Laws of 1889, ch. 326, §§ 1–2, 17–21. After World War II, rapid population growth created many problems for local governments and as rural areas became more urban, cities and villages used municipal annexations to further expansion, increase their tax base and plan growth. Joel J. Rabin, *Changes in Wisconsin Annexation Proceedings and Remedies,* 1961 Wis. L. Rev. 123, 123. The annexation statutes proved inadequate to deal with their increased use and often led to bitter, long-drawn-out contests in the courts. *Town of Fond du Lac*, 22 Wis. 2d at 531, 126 N.W.2d at 210. Consequently, in 1957, the legislature substantially revised and rewrote Wisconsin's annexation laws and enacted new uniform laws that provided two methods of annexing territory to municipalities, direct petition and referendum. Laws of 1957, ch. 676,

§ 3. The procedure for direct annexation is currently codified as Wis. Stat. § 66.0217, as discussed above.

¶ 19. The new legislation made numerous changes to the old laws, two that are germane to our analysis here. The legislature changed the effective date for attachment or detachment of territory from ninety days after passage to the date of enactment. Laws of 1957, ch. 676, § 2; Wis. Stat. § 66.021(7)(c) (1957). It also provided that a contest to the validity of an annexation could be brought on any grounds, not just the limited grounds earlier specified, but that such a contest must be brought within sixty days from the date of enactment.[6] *See* Wis. Stat. § 66.021(10)(a) (1957); *see also Town of Fond du Lac*, 22 Wis. 2d at 531, 126 N.W.2d at 210. Because annexation proceedings are purely statutory, it is under the "new" procedures for annexation, currently set out in the statutes, that we consider the validity of ordinance 2001–10. Additionally, we presume the legislature revised Wisconsin's annexation laws with full knowledge of the existing condition of the law, *Town of Madison*, 269 Wis. at 614, 70 N.W.2d at 252, and purposefully enacted a comprehensive statutory scheme for annexation that does not authorize the repeal and reenactment of annexations by ordinance. Because DeForest cites no authority after 1957 to suggest otherwise,[7] and because its repeal and reenact-

---

[6] The sixty-day window to bring a challenge to annexation was later enlarged to ninety days. Wis. Stat. §§ 66.0217(11) and 893.73(2).

[7] DeForest cites a string of cases decided prior to 1957 to support its position that a city or village may repeal an ordinance after its "effective date." For example, *Roehrborn v. City of Ladysmith*, 175 Wis. 394, 185 N.W. 170 (1921). We note first that the supreme court substantially overruled *Roehrborn*

ment of an annexing ordinance plainly conflict with the statutory scheme for direct annexation adopted by the legislature, we reject DeForest's argument that Wisconsin case law permits a municipality to repeal and reenact an annexation ordinance that corrects for mistakes in an earlier adopted annexation ordinance.

## CONCLUSION

¶ 20. We conclude that judgment on the pleadings was proper and that the repeal of an ordinance already in effect by enacting a correcting ordinance conflicts with the annexation procedures set out in WIS. STAT. § 66.0217. Accordingly, because the power to annex land is purely statutory and DeForest failed to comply with the statutory directive when it enacted ordinance 2001–10, we affirm the circuit court's judgment setting aside ordinance 2001–10.

*By the Court.*—Judgment affirmed.

in *State ex rel. Thompson v. Eggen*, 206 Wis. 651, 658, 238 N.W. 404, 406 (1932). However, because neither *Roehrborn* nor the other cases relied on by DeForest directly address the authority of a municipality to repeal and reenact an annexation ordinance and because they are additionally distinguishable on the same basis as *Zweifel v. City of Milwaukee*, 188 Wis. 358, 206 N.W. 215 (1925), we do not address them in this opinion.